UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
DOMINIC DIFRISCO and SUSAN DIFRISCO,

                Plaintiff,                Docket No.: 07 CV 3531

      -against-                            **ANSWER**

MARRIOTT INTERNATIONAL, INC.,

                Defendant.
————————————————————————X

       Defendant, MARRIOTT INTERNATIONAL, INC., by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its answer to the plaintiffs' complaint, respectfully alleges:

## JURISDICTION AND VENUE

    1.    Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1".

    2.    Denies each and every allegation set forth in paragraphs numbered "2" except admits that MARRIOTT is a Delaware corporation that maintains its principal place of business in Maryland.

    3.    Denies each and every allegation set forth in paragraphs numbered "4" except admits that MARRIOTT is subject to personal jurisdiction in this district.

    4.    Denies each and every allegation set forth in paragraphs numbered "3" and leaves all matters of law to the honorable court.

## GENERAL ALLEGATIONS

    5.    Denies each and every allegation set forth in paragraphs numbered "6" and leaves all matters of law to the honorable court.

## DEFENDANT'S ANSWER TO PLAINTIFFS'
## FIRST CAUSE OF ACTION

6. Defendant, MARRIOTT INTERNATIONAL, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "6" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "7".

7. Denies each and every allegation set forth in paragraphs numbered "8", "9", "10", "13", "16" and "17".

8. Denies each and every allegation set forth in paragraphs numbered "11", "12", "14" and "15", and leaves all matters of law to the honorable court.

## DEFENDANT'S ANSWER TO PLAINTIFFS'
## SECOND CAUSE OF ACTION

9. Defendant, MARRIOTT INTERNATIONAL, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "17" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "18".

10. Denies each and every allegation set forth in paragraphs numbered "20" and "21".

11. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "19".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That by entering into the activity in which the plaintiffs were engaged at the time of the occurrence set forth in the complaint, said plaintiffs knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever

injuries and damages were sustained by the plaintiffs herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiffs in their activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. The defendant pleads the defense of collateral estoppel by reason of the fact that there has been an adjudication and determination of the issues of the plaintiff's claim prior to the commencement of this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. Whatever injuries and/or damages sustained by the plaintiff at the time and

place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     Plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIE DEFENSE

18.     That the defendant, MARRIOTT INTERNATIONAL, INC., exercised reasonable care in the ownership, maintenance, design, inspection, and upkeep of the premises in question.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.     The premises in question conformed with all applicable rules, regulations, laws, statutes, codes, standards and requirements formulated and/or in effect at the time of the alleged accident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.     That the plaintiffs failed to use safety devices available to the plaintiffs at the time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiffs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.     That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.     Defendant had neither actual nor constructive notice of the alleged condition or

defect that allegedly caused or contributed to plaintiff's accident.

WHEREFORE, defendant, MARRIOTT INTERNATIONAL, INC., demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
       July 6, 2007

                                        Yours, etc.,

                                        WHITE FLEISCHNER & FINO, LLP

                                        By: _____
                                             DANIEL M. STEWART (DMS 7989)
                                        Attorneys for Defendant
                                        140 Broadway - 36th Floor
                                        New York, New York 10005
                                        (212) 487-9700
                                        Our File No.: 104-12742-D-PAF/DMS

TO:    (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on July 6, 2007, deponent served the within **ANSWER** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Stephen N. Toner, Esq.
RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Fax (212) 482-0002

_____
Wendy Jantz

Sworn to before me this
6th day of July, 2007

_____
DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 19, 2011

Docket *No.:* 07 CV 3531                                                           *Year*
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINIC DIFRISCO and SUSAN DIFRISCO,

Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

Defendant.

---

## ANSWER

---

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
**140 BROADWAY**
**NEW YORK, N.Y. 10005**
**(212) 487-9700**

---

*To:*
*Attorney(s) for*

---

Service of a copy of the within          is hereby admitted.
Dated:

........................
Attorney(s) for

---

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on
NOTICE OF
ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at , on , at .
NOTICE OF
SETTLEMENT

Dated:

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT*
**140 BROADWAY**
**NEW YORK, N.Y. 10005**