USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/08

RUSSO, KEANE & TONER, LLP
ATTORNEYS AT LAW
26 BROADWAY
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002

THOMAS F. KEANE
ALAN RUSSO
STEPHEN B. TONER
FERN FLOMENHAFT
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

JOHN J. KOMAR
CHRISTOPHER D. MEHNO
THERESA VILLANI
DENISE M. BUSH
MICHELLE DEFEO *
BRENDA R. HALL
MEGHAN P. FLAHERTY
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY
CHARLENE C. KOW *
MICHAEL AMMIRATO
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
B. BARRINGTON PINK

*ALSO ADMITTED IN NEW JERSEY
ALSO ADMITTED IN CONNECTICUT
ALSO ADMITTED IN MASSACHUSETTS
ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
ALSO ADMITTED IN GEORGIA

February 28, 2008

***VIA FACSIMILE (212) 805-6326***

Hon: Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

RE: **DiFRISCO v. MARRIOTT INTL'**
**Docket No.: 07-CV-3531 (CM)(DCF)**
**Our File No.: 640.039**

Dear Judge McMahon:

My office represents the plaintiffs in the above captioned matter. This letter is written following a final discovery telephone conference which the parties had with Magistrate Debra Freeman on February 27, 2008. This is a request on behalf of the plaintiffs to extend the deadline for completion of three specific items of discovery.

This case arises out of a claim for personal injuries suffered by the plaintiff, Dominik DiFrisco, when he fell in a guest bathroom at the Marriott Hotel Champs-Elysee in Paris.

A previous sixty-day extension of time to complete discovery was jointly requested by defense counsel on November 29, 2007. A copy of that letter is attached. Your honor granted that

[Handwritten, right margin:] defense counsel continues to play games, he/she should understand that I will impose sanctions in the form of preclusion orders. Colleen McMahon USDJ

WESTCHESTER OFFICE -- 26 GLENSIDE PLACE, CHAPPAQUA, NEW YORK 10514 (914) 238-2805
NEW JERSEY OFFICE -- 127 EAST MOUNT PLEASANT AVENUE LIVINGSTON, NEW JERSEY 07039 (973) 992-3372

[Handwritten:] 2/28/2008 I would ordinarily cut off discovery and preclude defendants from contesting matters as to which they have not responded. But I will do that once a twice and lawyers stop playing games. But I will not grant any additional time. If grant your request.

request and extended the discovery deadline to February 29, 2008.

The specific items of discovery which are outstanding are:

1. A Response to plaintiffs' November 7, 2007 demands for information regarding complaints, claims and lawsuits, made upon the defendant, by hotel guests for personal injuries arising out injuries sustained as a result in falls in the defendant's guest's bathrooms. Attached for your review is a copy of plaintiffs' demands #51, 52, 54, & 55 and the defendant's initial response to those demands as being overly burdensome.

After numerous conferences between the parties and Magistrate Debra Freeman, it was Ordered by Magistrate Freeman that the defendant was to respond to that demand regarding the defendant's non-franchised hotels, operated by the defendant (as opposed to other brand-named hotels which the defendant owned). This compromise reduced the number of hotels to be searched from 6000 to approximately 378 hotels.

Defense counsel has indicated that they will have "*something*" in response to that demand by February 29, 2008. Unfortunately, as of this writing we have no idea of what the defendant's response will contain, or if indeed it will be responsive to the specifics set forth in plaintiffs' demands. In the event that the response is deemed insufficient, incomplete or otherwise uninformative, the plaintiff will want to opportunity to serve a supplemental demand on those specific issues.

2. On January 28, 2008, plaintiffs demanded the deposition of Brad Wood, the Senior Vice President of Risk Management, and Frances Kassner, the defendant's National Claims Examiner - Casualty Claims, to be held in New York, on February 5th and 6th 2008. A copy of that demand is attached as well.

The defendant objected to that notice to the extent that these individuals could not be produced at the time noticed. Other than that objection, the defendant did not move for a protective order regarding the depositions of those parties.

3. The parties went to Paris for a site inspection at the defendant's hotel and depositions on February 10, 11 and 12, 2008. Those deposition transcripts were received on February 25, 2008 on an expedited basis. A follow-up notice for production of documents and information identified for the first time during those depositions was served on defense counsel by hand on February 25, 2008. A copy of that demand is also attached hereto.

A follow-up letter was sent to defense counsel regarding outstanding items o discovery on February 15, 2008, and is also attached for your review.

That letter was followed by the parties conversing between us to resolve which issues we could, and then a conference call with Magistrate Freeman on February 27, 2008.

At the conclusion of that conference, Magistrate Freeman indicated that she had no authority to adjust the discovery cut off date set by your honor and that our application should be made directly to your honor.

Magistrate Freeman has scheduled a final conference to discuss settlement potential once the outstanding discovery matters are resolved. That conference is set for 12:00 p.m. on March 31, 2008.

The information demanded in #1 above is essential in the preparation for, and the examination of, the two noticed witnesses. The defendant has offered no dates when these witnesses will be made available to be deposed.

The parties have been cooperating with each other and have utilized Magistrate Freeman's guidance in resolution of contested discovery issues immediately once they arose.

Both parties have been very conscientious of this Court's deadlines and have endeavored to move this matter along as expeditiously as possible. Unfortunately, due to the remote location of this incident and the time involved in obtaining the information from defendant's corporation, completion of all discovery within the deadline has been impossible.

The plaintiffs have complied with all demands made by the defense in a timely manner and have done everything in their power to comply with this court's directives. The plaintiffs should not be penalized in the preparation of their case due to matters beyond their control.

The issues of notice to the defendant, which is the subject of the demands #51, 52, 54, & 55, and the need for the depositions of Brian Wood and Frances Kassner, are a central issue in this case, and essential to the plaintiffs' prima facie burden of proof.

Therefore, we respectfully request an additional 30 days to:

1. Review the defendant's responses to demands #51, 52, 54, & 55;
2. To depose Brad Wood and Frances Kassner here in New York;
3. To serve any follow up discovery demands which arise out of defendant's responses and/or those depositions; and

4. To obtain defendant's responses to the February 25, 2008 discovery demands.

Thank you for your consideration of this request.

Very truly yours,
RUSSO, KEANE & TONER, LLP

STEPHEN B. TONER
*S.Toner@RKTLaw.com*

SBT/mc

cc: Daniel M. Stewart, Esq.
WHITE, FLEISHNER & FINO, LLP
61 Broadway - 18th Floor
New York, New York 10006
*dstewart@wff-law.com*

***Via fax only: 212-487-9777***

U.S. Magistrate Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street; Room 520
New York, New York 10007-1312

***Via fax only: 212-805-4258***

61 BROADWAY, NEW YORK, NY 10006
T212.487.9700 F212.487.9777 WWW.WFF-LAW.COM

November 29, 2007

**VIA FACSIMILE (212) 805-6326**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: DiFrisco v. Marriott Int'l
Docket No.: 07-CV-3531 (CM)(DCF)
Our File No.: 104-12742-D-PAF/DMS

Dear Judge McMahon:

My office represents defendant Marriott in this case. This letter is written jointly with plaintiffs' counsel Stephen Toner, seeking an extension of our discovery end date.

In short summary, plaintiff Dominic DiFrisco claims injuries to his leg after falling in the bathroom of the Marriott Hotel, in Paris, France, on January 3, 2007.

From the outset, both sides appreciated the potential expense of litigating the case, given the need to travel to France to depose Marriott's employees there, as well as conducting an inspection of the bathroom in question. As a result, the parties agreed to depose the plaintiffs and then attempt settlement. After plaintiffs' depositions went forward in September, the parties mediated the case with Magistrate Judge Freeman in October, but no settlement was reached.

Plaintiffs' counsel recently served his liability expert disclosure, as well as a 57-item demand for discovery that Marriott considers overbroad and unduly burdensome. Indeed, Marriott will file objections to portions of plaintiffs' demand with Magistrate Judge Freeman, and seek rulings thereon. Understandably, plaintiffs' counsel would like to have responses to his discovery demand, and any records that can be produced as a result, before deposing the Marriott employees. It is also necessary for the attorneys to travel to France to depose Marriott's employees, and inspect the bathroom. The parties intend to move quickly to resolve these discovery issues, but the current end date for all discovery is December 31, 2007.

My office physically moved locations earlier this month, and I was then engaged on trial for five days in Nassau County Supreme Court before Justice F. Dana Winslow. The move and the trial complicated my efforts, and the efforts of my office, to immediately address plaintiffs' discovery demands when we received them on November 8.

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY • WHITE PLAINS, NEW YORK • GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA • BOCA RATON, FLORIDA
LONDON, ENGLAND

Hon. Colleen McMahon
November 29, 2007
Page 2

Further, in light of the upcoming Holidays, and the availability of the Marriott employees at a busy time of year for them, the parties jointly and respectfully request that the discovery end date be extended 60 days, until February 29, 2008.

Thank you for your attention herein. We await your advices.

Very truly yours,

WHITE FLEISCHNER & FINO, LLP

Daniel M. Stewart
dstewart@wff-law.com

DMS/wj

cc: **VIA FACSIMILE (212) 482-0002**

Stephen K. Toner, Esq.
RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
s.toner@rktlaw.com

**VIA FACSIMILE (212) 805-4258**

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

DOMINIC DIFRISCO and SUSAN DIFRISCO,

Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

Defendant.

---X

**Docket No.:**
**07 CV 3531**

Defendant's Response To Plaintiffs' "Rule 26 Disclosure Demand" Dated November 7, 2007

SIRS:

Defendant MARRIOTT INTERNATIONAL, INC., by its attorneys, WHITE FLEISCHNER & FINO, LLP, hereby responds as follows to Plaintiffs' "Rule 26 Disclosure Demand," dated November 7, 2007, as follows:

1. **Who is the corporate director of safety for the Marriott Hotel chain?**

Defendant's response: Chad Callaghan, Vice President of Enterprise Loss Prevention, Marriott International, Inc.

2. **Who is the corporate director of safety for the Marriott-Paris?**

Defendant's response: Andy Williams, Regional Director, International Loss Prevention for Continental Europe, UK, Ireland, Middle East, and Africa

3. **Provide a copy of the curriculum vitae and application for employment of the individual(s) identified in #1 and #2 above.**

Defendant's response: See attached Exhibit "A."

4. **Who is the corporate Risk Manager for the Marriott Hotel chain?**

Defendant's response: Brad Wood, Senior Vice President, Risk Management.

5. **Who is the corporate Risk Manager for the Marriott-Paris?**

Defendant's response: Mitch Aucoin, Director, International Insurance.

49. **Was the style of the bath mat purchased specifically for this hotel, or for the entire Marriott chain of hotels?**

Defendant's response: The mats were rented specifically for the Marriott-Paris.

50. **Identify the person(s) who were responsible for the decision and ordering of the subject bath mats?**

Defendant's response: Initial Services Textiles BTB SA.

51. **Set forth the number of claims/complaints made, and or filed with the defendant Marriott, per year, from 2004 through 2007, involving claims for personal injuries sustained by guests at the defendant's hotels, worldwide, arising out of falls occurring within the bathroom areas.**

Defendant's response: It is unduly burdensome for defendant to search for claims and complaints arising out of falls within guests' bathroom areas, as such claims/complaints are catalogued according to the claimant/complainant's name.

52. **Identify and set forth the number of lawsuits filed against the defendant as a result of guest falling and sustaining personal injuries in the bathrooms of the guest rooms.**

Defendant's response: See response #51.

53. **State the number of claims and/or complaints made to defendant arising out of falls occurring in the guests' bathrooms at the Marriott-Paris.**

Defendant's response: No such claims or complaints.

54. **Set forth the number of claims and/or complaints made to the defendant involving falls occurring while guests were exiting the bathtub/shower area of said bathroom.**

Defendant's response: See response #51.

**55. Set forth the title, caption, jurisdiction, parties, attorneys, expert witnesses and venue of all such claims and/or lawsuits filed against the defendant arising out of guests' falls in the bathrooms of the guests' rooms.**

Defendant's response: See response #51.

**56. State if any other materials, other than marble, we considered, suggested, evaluated, assessed or proposed for use in the construction of the guests' bathroom floors prior to the plaintiff's injury.**

**(b) If so, describe in detail the nature of those other materials, when they were considered, the reason why the use of said materials was rejected, and the name and title of the person(s) who made said decisions.**

Defendant's response: See response # 26. No other materials were considered.

**56. Identify by name, citation, section, volume, agency, governmental department or other controlling authority of all rules, regulations, guidelines, statutes, ordinances, building codes and requirement in effect in Paris, France, regarding the construction, maintenance, repair and equipment required to be provided in hotel guest bathrooms; as related to the providing of bath mats, hand hold, hand railing, guest assistance devices, flooring materials and hotel guest safety issues.**

Defendant's response: this demand withdrawn by plaintiffs' counsel during December 19 phone conference with Magistrate Judge Freeman.

**PLEASE BE ADVISED** that Defendant reserves the right to supplement and augment this response, pursuant to the FRCP, if additional responsive information or records become available.

Dated: New York, New York
January 15, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: ______________________

Daniel M. Stewart (DS 7989)
Attorneys for Defendant
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 104-12742-D-PAF/DMS

TO: (See Attached Affidavit)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

DOMINIK DIFRISCO AND SUSAN DIFRISCO,

*Plaintiffs.*

-against-

MARRIOTT INTERNATIONAL, INC.,

*Defendant.*

---------------------------------------------------------------------X

Index No.: 07 CV 3531

**RULE 30 DEMAND FOR A FEDERAL EXAMINATION BEFORE TRIAL**

SIRS:

**PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure the testimony, upon oral examination, of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of **RUSSO, KEANE & TONER, LLP**, 26 Broadway, 28th Floor, New York, New York 10004, on the **5th & 6th day of February, 2008**, at 10 o'clock in the forenoon of that day with respect to evidence material and necessary in the prosecution/defense of this action as to all of the relevant facts or circumstances alleged in the Complaint, including negligence, contributory negligence, liability and damages.

1. Brad Wood
   Senior Vice President
   Risk Management
   Marriott International, Inc.,

2. Frances Kassner
   National Claims Examiner
   Casualty Claims
   Marriott International, Inc.,

That the persons to be examined are required to produce at such examination the following: All books, records and paper pertaining to claims management, claims analysis, categorization risk management, litigation, litigation indexing, loss/injury origin determination and related corporate records.

Dated: New York, New York
      January 28, 2008

                                            Yours, etc.,

                                            STEPHEN B. TONER, ESQ.
                                            RUSSO, KEANE & TONER, LLP
                                            Attorneys for Plaintiff
                                            26 Broadway, 28th Floor
                                            New York, New York 10004
                                            (212) 482-0001
                                            Our File No.: 640.039

To:   Daniel M. Stewart, Esq.
       WHITE, FLEISHNER & FINO, LLP
       61 Broadway - 18th Floor
       New York, New York   10006
       (212) 487-9700
       Your File No.:  104-12742-PAF/DMS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

**DOMINIK DIFRISCO AND SUSAN DIFRISCO,**

*Plaintiffs,*

**Index No.: 07 CV 3531**

**SUPPLEMENTAL NOTICE TO PRODUCE PURSUANT TO RULE 34**

**MARRIOTT INTERNATIONAL, INC.,**

*Defendant.*

---------------------------------------------------------------x

**SIRS:**

**PLEASE TAKE NOTICE** that, pursuant to FRCP 34 and the applicable Court Rules, plaintiffs hereby demand that defendant produce the following documents, and/or otherwise make available at the offices of the undersigned within twenty (20) days of service of this demand to following:

**As per the deposition testimony of General Manager Johan Kamerbeek;**

1. The Hotel records regarding all telephone calls made to, or from, Room 328 of the Marriott Champs-Elysee on January 3, 2007 and January 4, 2007.

2. The name of the Concierge on duty at the subject hotel from midnight January 3, 2007 through 7:00 a.m.

3. Copies of all inspection reports/check list done by the Technical Teams of Room 328 prior to the date of the within incident.

4. Copies of all documents relating to the date when the floors of the bathroom in Room 328 were cleaned with the special crystalized cleaning process that Marriott does on the subject bathrooms approximately three (3) times a year.

5. A list of all cleaning products utilized on the routine daily basis by the Hotel Housekeeping Staff for cleaning the guestroom bathroom floors in the Hotel prior to the date of the incident including the name, manufacturer, and address of each manufacturer of the cleaning products.

**As per the deposition testimony of Andy Williams;**

6.    Produce a copy of the design manual, noting all specifications regarding the construction of Marriott Hotels which was in effect in 1997, as relating to bathroom design.

7.    If there existed different design manuals for new built, as opposed to renovated hotel buildings, produce a copy of each of said design manuals noting which is utilized in new built hotels as opposed to which is utilized in renovated buildings that were to be converted to Marriott Hotels.

8.    Produce any and all documents, schematics, specifications, manuals or other written materials produced and/or maintained by the Marriott Architectural and Construction Dept., setting forth the specifications for constructions of new and/or renovated hotel facilities with respect to the design of the guestroom bathrooms.

9.    Produce a copy of the Safety Management Guidelines in effect on, and prior to, January 1, 2007.

10.    Produce a copy of all Loss Prevention Checklists prepared and maintained by Mr. Andy Williams for the years of 2004, 2005, and 2006 as related to the checklists of guestroom bathrooms.

**As to the deposition testimony of Guest Relations Manager, Fabian Villoteau;**

11.    Copies of all computer records, files and documents or other records reflecting the stay of Ms. and Mrs. DiFrisco at the subject Hotel, including all charges, memoranda, notes and/or other documents relating to the plaintiffs' stay at the subject Hotel.

12.    Produce a copy of all "micro records" regarding deliveries of room service calls to Room 328 on January 3, 2007.

13. Produce copies of the specific internal rules, procedures, guidelines, and memorandum generated internally by the subject Hotel with regard to the investigations, management, documentation and/or actions to be taken by any and all Hotel employees in the event of injury to a Hotel's guest.

Dated: New York, New York
February 25, 2008

Yours, etc.,
**RUSSO, KEANE & TONER, LLP**

**STEPHEN B. TONER, ESQ.**
Attorneys for Plaintiffs
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Our File No.: 640.039

To: Daniel M. Stewart, Esq.
**WHITE, FLEISHNER & FINO, LLP**
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Your File No.: 104-12742-PAF/DMS

RUSSO, KEANE & TONER, LLP
ATTORNEYS AT LAW
26 BROADWAY
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002

THOMAS F. KEANE
ALAN RUSSO
STEPHEN B. TONER
FERN FLOMENHAFT
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

ALSO ADMITTED IN NEW JERSEY
ALSO ADMITTED IN CONNECTICUT
ALSO ADMITTED IN MASSACHUSETTS
ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
ALSO ADMITTED IN GEORGIA

JOHN J. KOMAR
CHRISTOPHER D. MEIINO
THERESA VILLANI
DENISE M. BUSH
MICHELLE DEFEO
BRENDA R. HALL
MEGHAN P. FLAHERTY
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY
CHARLENE C. KOW
MICHAEL AMMIRATO
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
B. BARRINGTON PINK

February 15, 2008

Daniel M. Stewart, Esq.
WHITE, FLEISHNER & FINO, LLP
61 Broadway - 18th Floor
New York, New York 10006

**RE: DiFRISCO v. MARRIOTT INTL'**
**RK&T File No.: 640.039**
**Your File No.: 104-12742-D-PAF/DMS**

Dear Mr. Stewart:

Enclosed you will find the authorizations which you requested in your February 12, 2008 Second Supplemental Demand for Authorizations. I have also attached to those authorizations copies of the respective doctors' records.

You will note that Dr. Siou's handwritten records record that Mr. DiFrisco was referred by him to Dr. Bernard Teboul for an examination. Dr. Siou's second note reflects the address of the American Hospital in Paris, where Mr. DiFrisco was sent.

I have also enclosed an authorization for Dr. Teboul's records, together with a copy of his one page note regarding his examination of Mr. DiFrisco on January 3, 2007.

Also, enclosed are copies of the first pages of the documents identified at the subject depositions reflecting the exhibit numbers. The complete copies of these exhibits are in your file as they were produced by your office.

I have also enclosed a CD with copies of the photographs taken in room 328 of the Marriott Champs-Elysee on February 10, 2008.

**As to the plaintiffs' outstanding demands:**

1. Following our telephone conference call with Magistrate Freeman on February 1, 2008, the defendant was to provide the information demanded in plaintiffs' interrogatories numbered 51, 52, 54 and 55 as to the U.S. and foreign "full service" (non-franchised) hotels. This demand was further limited to exclude the other "brand hotels" owned and/or operated by the defendant.

Following that telephone call, you advised me that your office was considering appealing Magistrate Freeman's decision to Judge McMahon. As of this time you have not complied with Judge Freeman's decision, or advised us of your intent regarding your appeal of that order.

Therefore, I hereby request **an immediate response** from your office regarding your client's intent as to the disclosure ordered by Judge Freeman.

2. On January 27, 2008, our office demanded a representative sample of a "Thassos white, extra polished, 12 x 12" tile. This was the type and style of the bathroom floor tiles in Mr. DiFrisco's room at the time of his fall.

In our subsequent conversations, you indicated that I would be able to pick up a sample of that time during the depositions at defendant's hotel in Paris. Although I mentioned our agreement to Mr. Fino on several occasions during the depositions in Paris, he advised me that he knew nothing about it, and that I would have to get a sample tile when I returned to New York.

Although this was not my understanding with you, I hereby demand that the defendant immediately provide our office with a sample tile of the above identified "Thassos white, extra polished, 12 x 12" bathroom floor tile utilized in the construction of the bathroom floor of room 328 of the subject hotel.

3. On January 28, 2008, our office served a demand for the depositions of Francis Kassner and Brad Wood to be held here in New York on February 5th and 6th, 2008. Your response at that time was that you needed more time to schedule these witnesses availability.

Your office has not produced these witnesses nor have you responded with any other dates when these witnesses would be available to be deposed. Furthermore, your office has not objected to this Notice pursuant to Rule 45(c)(3)(A). Therefore, I hereby demand an immediate response from your office with specific available dates for the depositions of these two witnesses.

Lastly, in your Supplemental Response to Interrogatories, numbers 7 and 8, dated January 22, 2008, you provided as "Exhibit A" the Safety Management Guidelines of the Marriott. It was noted during the depositions of Andy Williams in Paris that the guidelines you provided were dated October 2007. Mr. Williams testified that there was a previous version of those guidelines in effect on January 3, 2007, the time of this incident. We therefore demand a copy of those guidelines which were in effect at the time of Mr. DiFrisco's injury.

In the course of the depositions of the defendant's representatives, there were numerous documents identified and demanded, as well as significant information to be provided by the defendant. Once we receive a copy of those deposition transcripts we will follow-up with a formal demand and list of those documents and information to be provided by the defendant.

Your prompt attention to the forgoing requests would be greatly appreciated.

Very truly yours,
RUSSO, KEANE & TONER, LLP

STEPHEN B. TONER

SBT/mc

RUSSO, KEANE & TONER, LLP
ATTORNEYS AT LAW
26 BROADWAY
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002

THOMAS F. KEANE
ALAN RUSSO
STEPHEN B. TONER
FERN FLOMENHAFT
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

ALSO ADMITTED IN NEW JERSEY
ALSO ADMITTED IN CONNECTICUT
ALSO ADMITTED IN MASSACHUSETTS
ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
ALSO ADMITTED IN GEORGIA

JOHN J. KOMAR
CHRISTOPHER D. MEHNO
THERESA VILLANI
DENISE M. BUSH
MICHELE DEFEO
BRENDA R. HALL
MEGHAN P. FLAHERTY
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY
CHARLENE C. KOW
MICHAEL AMMIRATO
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
B. BARRINGTON PINK

**FACSIMILE TRANSMISSION**

TO: HON. COLLEEN MCMAHON

FROM: **STEPHEN B. TONER**

DATE: 02 / 28 / 2008

FAX NO.: 212-805-6326

Re: DIFRISCO v. MARRIOTT

RK&T File No.: 640.039

DOCKET/Claim No.: 07-CV-3531

TOTAL PAGES: 19 INCLUDING THIS LEAD SHEET

MESSAGE OR SPECIAL INSTRUCTIONS:

*THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER WHICH IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT 212 482-0001 TO ARRANGE FOR ITS RETURN.*