UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DOMINIK DIFRISCO AND SUSAN DIFRISCO,

                              Plaintiffs,        07 Civ. 3531(CM) (DF)

          -against-                    **ORDER**

MARRIOT INTERNATIONAL, INC.,

                             Defendant.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       The Court having held a telephone conference on March 25, 2008 with counsel for all parties for the purpose of addressing certain discovery issues; and the Court having held a follow-up telephone conference with counsel on March 31, 2008; it is hereby ORDERED, for the reasons stated in those conferences, that:

       1.     Defendant is directed to supplement its responses to Plaintiffs' interrogatories Nos. 51, 52, 54 and 55 (as contained in Plaintiffs' "Rule 26 Disclosure Demand," dated Nov. 7, 2007) by providing responsive information from the computer database that has now been represented by Defendant to contain information regarding complaints or other claims made by guests who suffered accidents in guest-room bathrooms in Marriott hotels in North America.

       2.     With respect to the 18 "full-service" hotels managed by Defendant in the Caribbean and Latin America Region (as referred to in paragraph 5 of the Affidavit of Jay Galindo, sworn to Feb. 28, 2008), Defendant is directed to produce any reports maintained by those hotels, for the years 2004-2006, regarding accidents suffered by hotel guests in guest-room bathrooms.

3. Plaintiffs' counsel is directed to produce to Defendant's counsel the measurements made during the parties' inspection of the Paris hotel guest room at issue in this case.

4. Plaintiffs may proceed with the deposition of Brad Wood, but Plaintiffs' request that this deposition be required to take place in New York is denied. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 5316 (RMB) (MHD), 2006 U.S. Dist. LEXIS 87096, at *52 (S.D.N.Y. Nov. 30, 2006) ("The ordinary rule is that the deposition of corporate employees is to be conducted where they work, particularly when the corporation is a defendant." (citation omitted)); *see also Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377 (CM)(THK), 2007 U.S. Dist. LEXIS 44200, at *26 (S.D.N.Y. June 18, 2007) ("[T]he decision as to the location of the deposition lies within the discretion of the Court." (citation omitted)).

5. Defendant is directed to produce to Plaintiffs a sample of the floor tiles that were installed in the bathroom in which plaintiff Dominik DiFrisco was allegedly injured, or, if the Paris hotel where the accident occurred has not retained any samples of such tiles, then Defendant is directed to make appropriate inquiries and to use its best efforts to inform Plaintiffs' counsel of the manufacturer and/or supplier of those floor tiles, so that Plaintiffs may obtain a sample independently.

6. Pursuant to the agreement of the parties, Defendant may conduct the deposition of non-party witness Aimee Yohann on April 7, at 5:00 p.m., with the deposition not to proceed past 6:00 p.m.

7.  Except for the outstanding discovery specifically described above, which shall be completed no later than April 11, 2008, discovery in this case is closed.

Dated: New York, New York
       April 1, 2008

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Colleen McMahon, U.S.D.J.

Stephen B. Toner, Esq.
Russo, Keane & Toner LLP
26 Broadway
28th Floor
New York, NY 10004

Paul A. Fino, Jr., Esq.
Daniel MacLaren Stewart, Esq.
White Fleischner & Fino, LLP
61 Broadway
New York, NY 10006