**WHITE FLEISCHNER & FINO, LLP**   61 BROADWAY, NEW YORK, NY 10006
TEL 212.487.9700 · FAX 212.487.9777 WWW.WFF-LAW.COM

April 8, 2008

**Via Facsimile Only (212) 805-4258**

Hon. Magistrate Judge Debra C. Freeman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 525
New York, NY 10007

Re: DiFrisco v. Marriott Int'l
    Docket No.: 07-CV-3531 (CM)(DCF)
    Our File No.: 104-12742-D-PAF/DMS

## MEMO ENDORSED

Dear Judge Freeman:

My office represents the defendant Marriott in this case.

Pursuant to our telephone conferences with plaintiff's counsel and your honor on March 25, 2008 and March 31, 2008, in addition to the Court's order of April 1, 2008, the deposition of non-party witness Aimee Yohann was scheduled to go forward on April 7, 2008. However, Ms. Yohann failed to appear as scheduled and did not contact this office to explain her absence. Despite the fact that plaintiff's counsel appeared on two separate dates for the four other non-party depositions previously held, there was neither an appearance, nor a phone call, on behalf of their office on this occasion.

As you may remember, Ms. Yohann is a friend of the plaintiff and was traveling with the plaintiff and his wife at the time of plaintiff's accident. By way of plaintiff's attorney, we had scheduled for Ms. Yohann to be deposed on February 20, 2008 and she failed to either appear or contact us on that date as well. After ignoring repeated requests for Ms. Yohann's contact info, plaintiff's counsel provided a telephone number, via regular mail, on the eve of Ms. Yohann departing for Paris. As such, Ms. Yohann was unavailable to appear until April.

After multiple conversations with both the witness and plaintiff's counsel, and the two teleconferences with the court referenced above, it was a agreed to and Ordered that Ms. Yohann would appear at our offices on the 7th of April, with the deposition to begin at 5:00 P.M. to accommodate the witness' work schedule. In anticipation, we retained a court reporter and I was ready and waiting for Ms. Yohann to arrive. At 5:55 P.M., after waiting for almost an hour past the scheduled start time and without word from either the witness or plaintiff's counsel, the failure of both parties to appear was noted on the record.

As Ms. Yohann was traveling with the plaintiff and staying at the same hotel at which he was injured she will be able to provide relevant testimony on the issue of notice, which is the crux of plaintiff claim. At this time, we would ask the court for direction as to how to next proceed and, if proper, allow us leave to make a motion for sanctions against Ms. Yohann so that we may recover the costs incurred in scheduling this deposition.

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY    •    WHITE PLAINS, NEW YORK    •    GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA    •    BOCA RATON, FLORIDA
LONDON, ENGLAND

Thank you for your attention herein.

Very truly yours,

WHITE FLIESCHNER & FINO, LLP

Paul A. Fino, Jr. (PAF 2435)
pfino@wff-law.com

PAF/jhr

cc:    **VIA FACSIMILE (212) 482-0002**

  Stephen K. Toner, Esq.
  RUSSO, KEANE & TONER, LLP
  26 Broadway, 28th Floor
  New York, New York 10004
  s.toner@rktlaw.com

**MEMO ENDORSED**

Although the court indicated in its April 1, 2008 Order that, pursuant to an agreement between the parties to extend the discovery period for this purpose, defendant would be permitted to conduct the deposition of non-party witness Aimee Yohann on April 7, 2008, that order did not direct the witness to appear, but merely granted defendant leave to conduct a deposition outside the discovery period. The court will not entertain any application for contempt or any other sanction against the witness absent evidence that she was duly subpoenaed, on reasonable notice, and nothing in defendant's submission suggests that this was the case.

If defendant did, in fact, subpoena the witness, and her non-appearance was in violation of that subpoena, then defendant may place that evidence before the court in a request for sanctions. Otherwise, the court will afford defendant one final opportunity to obtain the witness's deposition. Discovery for that purpose, is extended to April 30, 2008. No further extensions.

SO ORDERED:    DATE: 4/14/08

. . . . . _[signature]_ . . . . . . . . . . . .

**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**