104-12742-D-PAF/DMS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
DOMINIC DIFRISCO and SUSAN DIFRISCO,

                Plaintiffs,        Docket No.: 07 CV 3531 (CM)(DCF)

     -against-                      **NOTICE OF MOTION**

MARRIOTT INTERNATIONAL, INC.,

                Defendant.
———————————————————————X

S I R S :

    PLEASE TAKE NOTICE, that upon the annexed declaration of PAUL A. FINO, JR., sworn to on the 5th day of June, 2008, the declaration of Lise-Ann Kaidoo, and the exhibits annexed hereto, Defendant MARRIOTT INTERNATIONAL, INC., will move in the United States District Court for the Southern District of New York, located at 500 Pearl Street, Room 525, New York, New York, before the Honorable Magistrate Freeman on a date to be determined by the Court for an Order pursuant to Rule 45(e) of the Federal Rules of Civil Procedure holding Ms. Aimee Yohann in contempt of Court, imposing sanctions against her in the form of repayment to this office for all costs incurred in defendant's repeated attempts to conduct her examination before trial, and precluding Ms. Yohann from offering testimony at trial unless she submits to an examination before trial, together with such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            June 5, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____
     Paul A. Fino, Jr. (PAF 2435)
Attorneys for Defendant
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 104-12742-D-PAF/DMS

TO:   (See Attached Affidavit)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
DOMINIC DIFRISCO and SUSAN DIFRISCO,

                      Plaintiffs,         Docket No.: 07 CV 3531(CM)(DCF)

     -against-                         **DECLARATION IN SUPPORT**

MARRIOTT INTERNATIONAL, INC.,

                      Defendant.
———————————————————————X

     PAUL A. FINO JR., an attorney duly admitted to practice law in the District Court for the Southern District of New York, hereby affirms the following under penalty of perjury pursuant to 28 U.S.C. §1746:

     I am a member of the law firm of WHITE FLEISCHNER & FINO, LLP, attorneys for defendant MARRIOTT INTERNATIONAL, INC., and as such, am fully familiar with the facts and circumstances surrounding this action based upon a review of the file and its contents maintained in this office.

     This affirmation is submitted in support of defendants' motion pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, for an Order holding Ms. Aimee Yohann in contempt of Court, imposing sanctions against her for all costs incurred in defendant's repeated attempts to conduct her examination before trial, and precluding Ms. Yohann from offering testimony at trial, unless she submits to an examination before trial.

     The grounds for this motion are that non-party witness, Ms. Amiee Yohann, has ignored a subpoena properly served upon her, as well as notice of a Court Order directing that her examination before trial go forward.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.     The Action**

Plaintiff's complaint seeks damages for personal injuries sustained by Mr. DiFrisco who alleges that he slipped and fell in the bathroom while staying as a guest at one of defendant MARRIOTT INTERNATIONAL, INC.'S properties in Paris, France. Plaintiffs allege that the accident was a result of a defective or dangerous condition in one of the defendant's bathrooms, of which the defendant had prior notice.

**B.     Procedural & Factual History**

Plaintiff commenced this action on or about May 3, 2007 by way of filing a Summons and Verified Complaint with the Clerk of the United States District Court, Southern District of New York. Issue was joined via service of Defendant's Verified Answer on or about July 2, 2007. (See Plaintiff's Summons and Verified Complaint, and Defendants' Verified Answer annexed hereto as **Exhibit "A"**).

After conducting limited discovery, including depositions of the Plaintiffs, defendant learned the identities of the other individuals who were traveling with Plaintiffs at the time of the accident. Ms. Yohann was one of these individuals. The crux of Plaintiffs' complaint is that Defendant had notice of the allegedly defective condition that caused the Plaintiffs' injuries. Because Ms. Yohann was with Plaintiffs in Defendant's hotel during their stay, as well as a fellow guest at the time, she is an important witness regarding the claim of a defective or dangerous condition, as well as prior notice to Defendant.

As such, on February 12, 2008 this office issued subpoenas for Ms. Yohann, as well as Plaintiffs' other travel companions at the time of the accident, to appear for depositions on February 20, 2008. (See Subpoena and Affidavit of Service annexed hereto as **Exhibit "B"**).

All other non-party witnesses, aside from Ms. Yohann, appeared for their depositions. Ms. Yohann failed to appear, did not contact this office to explain her failure to appear, nor did she contact this office to request an alternate date.

On April 1, 2008, after communicating Ms. Yohann's failure to appear to the Court, an Order was issued extending discovery for Ms. Yohann to appear for deposition on April 7, 2008. (See April 1, 2008 Order, Annexed hereto as **Exhibit "C"**).

After obtaining Ms. Yohann's number from Plaintiffs' counsel, Lise-Ann Kaidoo, calendar clerk in this office, contacted Ms. Yohann and communicated the Court's instructions that her deposition was rescheduled to April 7, 2008 at 5 P.M. to accommodate Ms. Yohann's work schedule. (See Affidavit of Lise-Ann Kaidoo annexed hereto as **Exhibit "D"**). After retaining a court reporter for the scheduled April 7th date and waiting until 5:55 P.M. without an appearance or contact from Ms. Yohann, her failure to appear was noted on the record. (See April 7, 2008 transcript, annexed hereto as **Exhibit "E"**).

On April 8, 2008 your affirmant wrote to the Court regarding Ms. Yohann's failure to appear on the 7th. In response, the Court issued another order, dated April 14, 2008, again extending discovery, for a final time, to April 30, 2008, to give Defendant one final chance to depose Ms. Yohann. (See April 8th letter and April 14th Order collectively annexed hereto as **Exhibit "F"**).

On April 14, 2008 and April 16, 2008, Ms. Kaidoo left telephone messages for Ms. Yohann, with no response. All further attempts to contact Ms. Yohann on that date were fruitless, as it appears the answering machine at that number was turned off or disconnected. (See **Exhibit "D"**). On April 17, 2008, a certified letter, return receipt requested, regarding

the deposition was sent to Ms. Yohann. (See April 17, 2008 letter with proof of mailing, annexed hereto as **Exhibit "G"**).

On April 25, 2008, Daniel Stewart of this office sent a letter to the Court explaining the situation and requesting the Court's assistance in securing Ms. Yohann's deposition before the April 30, 2008 deadline previously set by the Court. In response, the Honorable Magistrate Justice Debra C. Freeman so-ordered our letter, and further indicated "defendant may take appropriate steps to seek to have Ms. Ms. Yohann held in contempt under Fed. R. Civ. P. 45(e)." (See April 25, 2008 so-ordered letter, annexed hereto as **Exhibit "H"**).

At this time, Ms. Yohann's deposition remains outstanding, and she has not contacted our office to schedule it.

To date, approximately four and one half hours were spent by attorneys in this office appearing for the deposition which Ms. Yohann did not attend, communicating with the court and plaintiff's office regarding efforts to schedule the deposition, and attempting to reschedule said deposition. Another five hours were spent researching, organizing and drafting this motion. Additionally, expenses in the amount of $125 have been incurred for retaining a court reporter on April 7th when Ms. Yohann did not appear. At $175.00 an hour, this equates to $1162.50 in attorney's fees, plus the $215 for a court reporter, for a total of $1377.50 in costs and expenses incurred due to Ms. Yohann's disregard for the directives of this court.

## LEGAL ARGUMENT

"The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f) [now Rule 45(e)]." *Application of Sumar*, 123 F.R.D. 467 (S.D.N.Y. 1988). In order to

impose sanctions on the nonparty, violation of a court order is generally required in addition to the failure to comply with the subpoena. *See e.g., PaineWebber Inc. v Acstar Ins. Co.*, 211 F.R.D. 246 (S.D.N.Y. 2002); *Crux v Mecham*, 159 F.R.D. 366 (D. Conn. 1994); *Forum Ins. Co. v Keller*, 1992 U.S. Dist. LEXIS 15231 (S.D.N.Y. 1992).

In *PaineWebber*, this court held non-party witnesses in civil contempt, and imposed sanctions, for their failure to appear for depositions pursuant to subpoenas and a subsequent Court Order. In the matter at bar, Ms. Yohann's conduct goes beyond simple non-compliance with the subpoena and court order, in that she spoke with this office, agreed to appear on April 7th, and then did not show on that date, resulting in the unnecessary expenditure for a court reporter and attorney's fees.

WHEREFORE, Defendant MARRIOTT INTERNATIONAL, INC. respectfully requests that the Court issue an holding Ms. Aimee Yohann in contempt of Court, imposing sanctions against her in the form of repayment to this office for all costs incurred in defendant's repeated attempts to conduct her examination before trial, and precluding Ms. Yohann from offering testimony at trial unless she submits to an examination before trial, together with such and further relief as the Court deems just and proper.

Dated: New York, New York
June 5, 2008

Yours, etc.

WHITE FLEISCHNER & FINO, LLP

By: _____
Paul A. Fino, Jr. (PAF 2435)
Attorneys for Defendant
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 104-12742-D-PAF/DMS

TO:   (See Attached Affidavit)

Case 1:07-cv-03531-CM-DCF    Document 18    Filed 06/05/2008    Page 8 of 8