

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

DOMINIC DIFRISCO AND SUSAN DIFRISCO,

                        Plaintiffs

         -against-

MARRIOTT INTERNATIONAL, INC.,

                       Defendant.

---------------------------------------------------------------x

**JUDGE McMAHON**

**07 CV** Civil Action No. **3531**

**Jury Trial Demand**
**Of All Issues**

## COMPLAINT - CIVIL ACTION

    Plaintiffs, DOMINIC DIFRISCO and SUSAN DIFRISCO, by their attorneys RUSSO,

KEANE & TONER, LLP, as and for their Complaint for money damages herein respectfully allege

as follows:

RECEIVED
MAY 0 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### JURISDICTION AND VENUE

    1.    Plaintiffs DOMINIC DIFRISCO and SUSAN DIFRISCO are citizens and residents

of the State of New York.

    2.    Defendant MARRIOTT INTERNATIONAL, INC. (Hereinafter "Marriott") is a

corporation organized and existing under the laws of the State of Delaware, which maintains its

principal place of business in the District of Columbia. Marriott conducts substantial business in the

State of New York, and within this District.

    3.    Jurisdiction with respect to defendant Marriott is founded on diversity of citizenship,

28 U.S.C. § 1332, in that plaintiffs are residents of the State of New York; defendant Marriott is

incorporated in the State of Delaware; and the amount in controversy exceeds the sum of $75,000

excluding interest and costs.

    4.    Venue in this District satisfies the requirements of 28 U.S.C. § 1391, in that defendant Marriott conducts substantial business in this District and is subject to personal jurisdiction within this District.

## GENERAL ALLEGATIONS

    5.    At all times mentioned herein, defendant Marriott was and is in the business of owning, operating, managing, controlling and/or maintaining, by and through its servants, agents and/or employees, hotel establishments, and as such, it owned, operated, managed, controlled and or maintained the Paris Marriott Hotel Champs-Elysees 70 Avenue des Champs-Elysees, 75008 Paris, France (hereinafter "the Paris Marriott).

    6.    That on or about January 3, 2007 the plaintiffs, DOMINIC DIFRISCO, and SUSAN DIFRISCO were lawfully guest and/or business invitee of the defendant at the Paris Marriott.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF DOMINIC DIFRISCO FOR PERSONAL INJURIES BASED UPON NEGLIGENCE:

    7.    Plaintiff's repeat and reallege each and every allegation contained in paragraphs 1 through 6, as if more fully set forth herein at length.

    8.    That on or about January 3, 2007, while the plaintiff, DOMINIC DIFRISCO, was lawfully upon the premises, suddenly and without warning, he was caused to be injured as a result of the negligence of the defendants, its officials, agents, servants, or employees in the ownership, operation, maintenance, and control of the premises particularly the guest hotel suite bathrooms.

    9.    That the plaintiff DOMINIC DIFRISCO was caused to fall to the floor of the

bathroom located in his hotel room due to the dangerous, defective, hazardous and negligently maintained facilities located therein.

10.     Defendant, its agents, servants, or employees, were negligent in that they caused, allowed, and permitted their guest hotel suite bathrooms premises to become and remain in a defective, dangerous, improper, and negligent condition, in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮, in that they failed to take reasonable or any precaution for the safety of plaintiff and other patrons of its hotel in that they caused, allowed, permitted and so constructed and maintaine▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮d others to become and remain in a slippery, dangerous, hazardous and otherwise negligent condition so that as plaintiff was lawfully in and upon the bathroom floor he was caused to slip and fall, sustaining the injuries hereinafter alleged; in that defendant was otherwise negligent in the circumstances.

11.     Defendant Marriott owed plaintiffs a duty to ensure that the hotel bathrooms were safe, not unreasonably dangerous, and didn't present an unusual risk of harm.

12.     Defendant Marriott caused or created the dangerous condition and/or had actual and/or constructive notice of the danger associated with the design, construction, maintenance, placement of mats, organization and providing facilities and amenities in the bathrooms of the hotel suites which caused or contributed to the incident which resulted in DOMINIC DIFRISCO being seriously injured.

13.     That the occurrence of said accident and the resulting injury to the above named plaintiff, was caused solely by the negligence of the defendants, its officers, officials, agents, servants, or employees and through no fault or negligence on the part of the plaintiff.

14.     On or about January 3, 2007, the defendant Marriott was responsible for the safe operation of the Paris Marriott and had a duty imposed by law to use proper care and caution to

protect its guests.

15.    The dangerous and defective condition referred to above and the failure of the defendant to exercise that level of care appropriate and reasonable under the circumstances to the Paris Marriott Hotel administration was the proximate and legal cause of the injuries sustained by the plaintiff DOMINIC DIFRISCO.

16.    By reason of the premises, plaintiff DOMINIC DIFRISCO was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick, sore, lame, and disabled and, on information and belief, will be permanently injured; that he has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future; has lost and will lose in the future sums of money which he otherwise would have earned.

17.    That by reason of the foregoing, the plaintiff DOMINIC DIFRISCO has suffered damages in an amount of One Million ($1,000,000) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF SUSAN DIFRISCO FOR LOSS OF CONSORTIUM:

18.    Plaintiff, SUSAN DIFRISCO, repeats, reiterates and reallege each and every allegation as contained in paragraphs "1" through "17" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

19.    That at all times herein mentioned, Plaintiff, SUSAN DIFRISCO, was the wife of the Plaintiff, DOMINIC DIFRISCO, and as such was entitled to the society, services and consortium of her husband, DOMINIC DIFRISCO.

20.    That by reason of the foregoing, Plaintiff, SUSAN DIFRISCO, was deprived of the society, services and consortium of the Plaintiff, DOMINIC DIFRISCO, and shall forever be

deprived of said society, services and consortium.

21.    As a result of the forgoing, plaintiff SUSAN DIFRISCO has been damaged in the amount of Two Hundred and Fifty Thousand ($250,000) Dollars.

WHEREFORE, plaintiffs, DOMINIC DIFRISCO demands judgment against defendant Marriott in the sum of One Million ($1,000,000) Dollars, and SUSAN DIFRISCO demands judgement in the amount of Two Hundred and Fifty Thousand ($250,000) Dollars, together with the costs and disbursements of this action.

Dated: New York, New York
       April 17, 2007

Yours, etc.,

STEPHEN B. TONER, ESQ. (SBT0229)
RUSSO, KEANE & TONER, LLP
Attorneys for Plaintiff
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Our File No.: 640.039

**07 CV 3531**

**JUDGE McMAHON**

**CIVIL COVER SHEET**

JS-44C/SDNY ... the information contained herein neither replace nor supplement the filing and service of pleadings ... required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS DOMINIC DiFRISCO and SUSAN DiFRISCO

DEFENDANTS MARRIOTT INTERNATIONAL, INC.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
RUSSO, KEANE & TONER, LLP, 26 Broadway, 28th
Floor, New York, New York 10004 (212) 482 0001

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Damages for personal injuries sustained as a result of the negligence of the defendant.

RECEIVED MAY 03 2007 U.S. D.C. S.D.N.Y. CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned

If yes, was this case Vol [ ] Invol. [ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)          NATURE OF SUIT

**ACTIONS UNDER STATUTES**

**TORTS**

CONTRACT
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

PERSONAL INJURY
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[x] 360 OTHER PERSONAL INJURY

PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

FORFEITURE/PENALTY
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

LABOR
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

BANKRUPTCY
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

PROPERTY RIGHTS
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

SOCIAL SECURITY
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

FEDERAL TAX SUITS
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

OTHER STATUTES
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

REAL PROPERTY
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

CIVIL RIGHTS
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

PRISONER PETITIONS
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____   DOCKET NUMBER_____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

☒ 1 Original      ☐ 2a. Removed from  ☐ 3 Remanded from  ☐ 4 Reinstated or   ☐ 5 Transferred from  ☐ 6 Multidistrict   ☐ 7 Appeal to District
   Proceeding         State Court        Appellate Court      Reopened          (Specify District)      Litigation           Judge from
                  ☐ 2b. Removed from State Court                                                                          Magistrate Judge
                        AND at least one party is a pro se litigant                                                       Judgment

(PLACE AN x IN ONE BOX ONLY)                    **BASIS OF JURISDICTION**              IF DIVERSITY, INDICATE
                                                                                      CITIZENSHIP BELOW.
☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 FEDERAL QUESTION   ☒ 4 DIVERSITY         (28 USC 1332, 1441)
                                             (U.S. NOT A PARTY)

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [x]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

34 McGuiness Lane, White Plains, New York 10605
County of Westchester

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

10400 Fernwood Road, Bethesda, Maryland 20817
County of Montgomery

DEFENDANT(S) ADDRESS UNKNOWN
· REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
            (DO NOT check either box if this a PRISONER PETITION.)

DATE              SIGNATURE OF ATTORNEY OF RECORD            ADMITTED TO PRACTICE IN THIS DISTRICT
5/2/07            [signature]                                · [ ] NO
RECEIPT #                                                    [x] YES (DATE ADMITTED Mo. 11___ Yr. 987 )
                                                            Attorney Bar Code #  SBT(0229)

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Revised 2/3/2006

## INDIVIDUAL PRACTICES OF JUDGE McMAHON

Unless otherwise ordered, matters before Judge McMahon shall be conducted in accordance with the following practices:

1.     Communications With Chambers

    A.     Letters

All communications with Chambers must be in writing, with copies delivered simultaneously to all counsel. *Do not send copies of correspondence between counsel to the Court.*

    B.     Telephone Calls

Telephone calls to Chambers are <u>NOT</u> permitted. Counsel cannot leave case-related messages. You must communicate with Chambers in writing. In case of a real emergency, Chambers can be reached at (914) 390-4145. Calls to Chambers about matters other than emergencies will not be acknowledged or returned.

    C.     Faxes

*Faxes to Chambers in lieu of mail or hand deliveries are encouraged.* Copies must be simultaneously faxed or delivered to all counsel. No document longer than 50 pages may be faxed without prior authorization. *<u>Do not follow with a hard copy</u>.* The fax number is (914) 390-4152.

    D.     Docketing, Scheduling, and Calendar Matters

Chambers will contact counsel about docketing, scheduling and calendar matters regarding pre-trial conferences, motions and trials.

    E.     Requests for Adjournments or Extensions of Time

All requests for adjournments or extension of time must be in writing. Requests for adjournments, must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. If the request is for an adjournment of a court appearance, absent an emergency it must be made at least 48 hours prior to the scheduled appearance. *Do not call Chambers to request an adjournment except in case of a real emergency (serious illness or death).* PLEASE NOTE: *Judge McMahon will not routinely grant*

*adjournments or extensions of time, even if stipulated by counsel.*

2.    Pleadings and Motions

    A.    Courtesy Copies

One (1) courtesy hard copy of pleadings (complaint, answer, reply) and motion papers, marked as such, shall be submitted to Chambers as soon as practicable after filing.

    B.    Pre-Motion Conferences in Civil Cases

Substantive:  *Judge McMahon does not require pre-motion conferences for substantive motions.  Do not send letters asking for permission to make a motion.  Just make the motion.*

Discovery:  At the Rule 16 conference, counsel will be given an order of reference to the Magistrate Judge.  If counsel submit a consent scheduling order, Chambers will send out a similar order of reference.  Take all discovery disputes directly to the Magistrate Judge, who will resolve them in accordance with the White Plains standing order on discovery disputes.

    C.    Memoranda of Law

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  More than minimal use of footnotes, or the printing of footnotes in a typeface smaller than that used in the text, will result in the brief's being stricken.  All memoranda shall be page-numbered, and shall contain a table of contents and a table of cases.

    D.    Motion Papers

Motion papers shall be filed promptly after service.  Do not hold motion papers until all papers are complete.

Reference to New York and United States Supreme Court cases shall contain citations to the official reporter and parallel cites to New York Supplement and Supreme Court Reporter, respectively.  Citations to unreported cases not available on WESTLAW or LEXIS must be accompanied by a copy of the case cited.  All exhibits must be tabbed and indexed.

Requests to file memoranda exceeding the page limits set forth herein must be made in writing five (5) days prior to the due date, except with respect to reply briefs, in which case the time is one (1) day prior to the due date.

*Counsel are not to set a "return date."*  Answering papers or motions are to be served two (2) weeks after receipt of the moving papers.  Reply papers, if any, are to be served five (5) business days later.  The Court does not accept "letter motions" unless that procedure has been authorized in advance.

On motions for summary judgment, do not attach complete deposition transcripts as exhibits. Attach only pages containing relevant testimony (to which citation is made in the briefs or affidavits). Each entry must be separately tabbed and indexed.

Do not docket anything except a Notice of Motion as a "Motion." In ECF cases, supporting documents should be docketed as what they are ("Brief", "Memorandum", "Affidavit") - not as "Motion."

E.    Oral Argument on Motions

Parties may request oral argument by letter at the time their moving, opposing or reply papers are filed. The Court will decide whether argument is needed and will advise counsel of any argument date. The Court rarely hears oral argument on motions.

F.    Notice of Rulings and Calls

Judge McMahon participates in the Court Web system. Notice of most orders (other than scheduling orders), decisions and stipulations is posted on the World Wide Web and may be accessed through the Court's web site:

http://www.nysd.uscourts.gov

Although most orders will be posted to the Court Web site, counsel are responsible for knowledge of all orders entered on the docket.

G.    Motions for Reconsideration

Motions for reconsideration are to be served in the same manner as other motions. However, Judge McMahon reviews motions for reconsideration when they arrive, and determines whether a response is required or whether the motion can be denied *sua sponte*. The opposing party shall not serve any responsive papers (including letters) unless specifically directed to do so by Judge McMahon.

H.    Motions for Default Judgment

Any party wishing to obtain entry of a judgment by default must proceed as follows:

(i) Wait at least 30 days after service is effected, to allow for the receipt of an appearance by mail.

(ii) Serve a copy of the Motion for Entry of a Default Judgment on the defaulting defendant in the same manner as prescribed for service of process. The Motion should be accompanied by a notice stating as follows:

THE ATTACHED LEGAL PAPERS ARE BEING SERVED ON YOU BECAUSE

YOU HAVE FAILED TO APPEAR IN A LAWSUIT BROUGHT AGAINST YOU. IF YOU DO NOT ENTER AN APPEARANCE IN THE LAWSUIT ON OR BEFORE [INSERT DATE NO EARLIER THAN 20 DAYS FROM THE DATE OF SERVICE OF THE NOTICE AND MOTION], THE COURT WILL ENTER A DEFAULT JUDGMENT AGAINST YOU. IF YOU ARE A CORPORATION, YOU CAN ONLY APPEAR THROUGH AN ATTORNEY. IF YOU ARE AN INDIVIDUAL, YOU MAY APPEAR BY AN ATTORNEY OR PRO SE. IN EITHER EVENT, YOU MUST TAKE SOME ACTION OR A JUDGMENT WILL BE ENTERED AGAINST YOU. ENTRY OF A JUDGMENT MAY RESULT IN A LEVY AGAINST YOUR PROPERTY.

(iii)  File the Motion for Entry of a Default Judgment, together with proof of service of the Motion and the Notice, with the Office of the Clerk of the Court. The Clerk's Office will process the filing and transmit it to Chambers.

(iv)  Chambers will hold the motion until the date specified in the Notice has passed. If no appearance is entered for the defendant, the Court will decide the motion.

3.    Pretrial and Trial Rules and Procedures

    A.    Discovery Schedule

Parties must exchange the discovery required under Fed.R.Civ.P. 26(a) within thirty (30) days after service of the answer on the last defendant to be served.

Notices inviting the parties to stipulate to a discovery schedule for discovery other than Rule 26(a) discovery will be sent to plaintiff's counsel (or, in the case of removed actions, defendant's counsel) shortly after the action is filed.  If the parties can agree upon a schedule providing for prompt completion of discovery (i.e., within six (6) months of the filing of the action), the Court ordinarily will incorporate the agreement in a Scheduling Order.  Otherwise, the Court will impose a schedule at the initial pretrial conference, held approximately 60 days after the complaint is filed.

PLEASE NOTE:  *Judge McMahon does not routinely extend discovery deadlines.  Do not wait until the end of the discovery period to serve discovery requests or schedule depositions, or you may be precluded from completing discovery.  Delaying service of the complaint for 120 days after filing could result in your having only one or two months to complete all discovery.*

    B.    Medical Records/Authorizations

In all matters involving personal injury and medical malpractice, plaintiff's counsel shall provide medical authorizations to defendant's counsel as soon as counsel is identified. *Plaintiff's counsel should obtain authorizations from their clients before they file the complaint.* Do not wait for the initial pre-trial conference to be held.

C.    Qualified Immunity: Special Rules

In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the following procedure.

A motion for summary judgment on the ground of qualified immunity must be served and filed at the earliest possible opportunity. If a pre-answer motion to dismiss is filed, the notice of motion must include as an alternative ground a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on the ground of qualified immunity. Briefs and other papers in support of the motion shall be filed on all issues except the issue of qualified immunity; an opportunity will be given for the filing of supplemental papers in support of the motion after plaintiff's deposition it taken.

If no pre-answer motion is filed, a "bare" notice of motion for summary judgment, limited to the issue of qualified immunity, must be filed at the same time as the answer. No briefs or papers in support of the motion are to be filed at this time.

As soon as a notice of motion raising the issue of qualified immunity is filed, all discovery is stayed, except for the plaintiff's deposition. Within thirty days after the filing of a notice of motion raising the issue of qualified immunity, the plaintiff's deposition shall be taken, and briefs and papers addressing the issue of qualified immunity shall be served and filed. These papers should be labeled "supplemental" if briefs and affidavits have already been served to address other issues. NO EXTENSIONS WILL BE GRANTED. Responsive and reply papers on the motion shall be served in accordance with the court's rules.

A plaintiff who brings an action in which qualified immunity is ordinarily asserted as a defense shall send or otherwise call defense counsel's attention to this rule. However, defense counsel are responsible for complying with the rule whether or not they receive a copy from plaintiff.

Failure to proceed in accordance with these rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial.

D.    Pretrial Order

Counsel are to file a joint pretrial order, with one (1) courtesy copy for Chambers, on or before the date set by the Court in the formal scheduling order.   The pretrial order shall be prepared in accordance with the outline attached as Annex A.  Failure to submit the pretrial order on time may result in dismissal or a default judgment, as appropriate.  All exhibits and witnesses to be presented at trial must be contained in the order. *The filing of a motion for summary judgment does not excuse or extend the time for filing the pretrial order unless the Court otherwise directs.  Such applications are disfavored and will almost never be granted.*

E.    Other Civil Trial Filings

Unless otherwise ordered by the Court, on the date the joint pretrial order is filed, each party shall also file:

i.    In jury cases: requests to charge, proposed voir dire instructions, and proposed verdict form. In addition to submitting one courtesy copy of each, an electronic copy must be emailed to Chambers at cm_documents@nysd.uscourts.gov, unless the court specifically exempts a party from this requirement. Documents must be in Microsoft Word or WordPerfect (version 5.1 or higher) format;

ii.    In nonjury cases: a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

*PLEASE NOTE: In limine* motions are not to be filed with the pre-trial order. They must be filed within five days after the parties are noticed for final pre-trial conference. Responses are due five days later. No replies are accepted on *in limine* motions. Rulings on in limine motions will be made at the final pre-trial conference.

F.    Ready for Trial

After the pretrial order is filed, the Court will notify the parties of the date of a final pretrial conference. *COUNSEL TRYING THE CASE MUST APPEAR AT THE FINAL PRE-TRIAL CONFERENCE,* and only lawyers who appear at the conference will be allowed to try the case. Counsel must be prepared to proceed to trial on twenty four (24) hours telephone notice after the final pretrial conference. Any party with a scheduling problem should bring it to the Court's attention by letter.

G.    Exhibits

All exhibits must be pre-marked, using the form PX-1 through n and DX-1 through n. Counsel shall provide a marked set of exhibits for the adversary and for the Court prior to the final pre-trial conference. *In a jury trial, if a party wishes to publish its exhibits to the jury prior to deliberations, it must provide at least one marked copy of its exhibits for every two jurors,* bound or contained within a binder, at the start of the trial. The court must approve publication of exhibits by any other method prior to the start of trial.

H.    Jury Selection

Juries will be selected by the struck panel method.

I.    Special Rules for Bench Trials

In bench trials, counsel must prepare and exchange statements containing the direct testimony of each witness they intend to call. These witness statements will be submitted one week before the trial and shall be used at trial in accordance with the following procedure:

i.    Form of Statement

For each witness whose direct testimony will be presented in statement form, prepare a statement setting forth in declaratory form all of the facts to which that witness will testify, including facts necessary to establish the foundation for the testimony. The facts should be stated in narrative, rather than question and answer, form. The statement need not be sworn or notarized.

ii.    Use of Statements

At the trial, each witness whose direct testimony previously has been submitted in statement form will take the stand and under oath shall adopt the statement as true and correct. The party offering that witness will then offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule.

The witness then will be allowed to supplement his or her statement by any additional live direct testimony considered necessary by counsel, but may not repeat testimony covered by the written statement.

Thereafter cross-examination and any redirect will proceed in the ordinary course.

iii.    Exceptions to Use of Statement

Statements are required for parties and other witnesses under their control. They are not to be used for adverse parties or for persons whose attendance must be compelled by subpoena.

iv.    Documents to be offered as exhibits shall not be attached to witness statements but shall be pre-marked and exchanged along with other proposed exhibits in the usual fashion.

J.    Conduct of Trial

The Court conducts trials Monday through Thursday from 9:30 a.m. - 4:30 p.m. Parties should arrange to have enough witnesses available to fill the day, even if that means taking witnesses out of order. If a party is out of witnesses in the middle of the day, the party must rest. In personal injury cases, doctors and other experts will be permitted to testify out of order whenever they are available.

K.    Post-Trial Motions

Post-trial motions are treated in the same manner as motions for reconsideration. (Sec. 2. G above)

**Annex A — Form of Pretrial Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                    XX Civ. XXXX (CM)

   The parties having conferred among themselves and with the Court pursuant to
Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the
Pretrial Order herein.

## I.  NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each party.]

## II.  JURY/NON-JURY

[State whether a jury is claimed, whether there is any dispute as to whether the action should be
tried to a jury, and the estimated length of the trial.]

## III.  STIPULATED FACTS

[Set forth any stipulated facts.]

## IV.  PARTIES' CONTENTIONS

   The pleadings are deemed amended to embrace the following, and only the
following, contentions of the parties:

A. Plaintiff's Contentions (Jury Trial)/Proposed Findings of Fact (Non-Jury Trial)

[Set forth a brief but complete statement of the plaintiff's contentions as to all issues of fact and
law, with citations to exhibits and anticipated testimony.]

B.    <u>Defendant's Contentions (Jury Trial)/Proposed Findings of Fact (Non-Jury Trial)</u>

[Set forth a brief but complete statement of the defendant's contentions as to all issues of fact and law, <u>with citations to exhibits and anticipated testimony.</u>]

(For bench trials only) Proposed conclusions of law shall be submitted, with citation to supporting authority.

## V.  ISSUES TO BE TRIED

[Set forth an agreed statement of the issues to be tried.]

## VI.  PLAINTIFF'S EXHIBITS

## VII.  DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.

[Each side shall list all exhibits it intends to offer on its case in chief.  The list shall include a description of each exhibit.  All exhibits shall be premarked.]

[In cases likely to involve substantial numbers of deposition exhibits, the parties are encouraged to agree at the outset of discovery to assign a unique exhibit number or letter to each exhibit marked at any deposition so that exhibit designations used in deposition transcripts may be used without change at trial.  Absent use of such a system, plaintiff's trial exhibits shall be identified as PX 1, and defendant's as DX 1, D-Jones A, D-Smith C.]

## VIII.  STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefore.]

## IX.  PLAINTIFF'S WITNESS LIST

## X.  DEFENDANT'S WITNESS LIST

The witnesses listed below may be called at trial.  No witness not identified herein

shall be permitted to testify on either party's case in chief absent good cause shown.

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore.]

## XI. RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages. If the plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

Dated:


_____
U.S.D.J.


[Signatures of counsel]




(Rev. 10/29/2003)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| Plaintiff(s), | : |
|  | : |
| - against - | : |
|  | : |
| Defendant(s). | : |

:    CONSENT TO PROCEED BEFORE
:    UNITED STATES MAGISTRATE JUDGE

_____ Civ. _____ (   ) (   )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1.  All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2.  Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____
Attorney(s) for Plaintiff(s)
Address
Telephone

_____
Attorney(s) for Defendant(s)
Address
Telephone

_____
Attorney(s) for _____
Address
Telephone

_____
Attorney(s) for _____
Address
Telephone

(Separately executed forms may be submitted. See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____ U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.

_____
For: Clerk U.S.D.C. S.D.N.Y.

IH – 30

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

### RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CRITICAL INSTRUCTIONS TO ATTORNEYS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### \*\*\*\*   Please Read Immediately \*\*\*\*

You must read and comply with all of the instructions on the attached sheet.
Your case **CANNOT**  be opened until you have correctly followed ALL of
the required steps.

J. MICHAEL McMAHON
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at www.nysd.uscourts.gov Please follow the instructions below.

**ECF Judges:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin ** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan * | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\* ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\* ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)   Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)   *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

    (a) The assigned Judge's Individual Rules
    (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
    (c) USDC/SDNY Procedures for Electronic Case Filing
    (d) USDC/SDNY Guidelines for Electronic Case Filing.

(3)   <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

    (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

        case_openings@nysd.uscourts.gov

    (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

        wpclerk@nysd.uscourts.gov

USDC/SDNY Instructions for Filing an Electronic Case or Appeal                    Page 2 of 2

(4)     File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    (a) electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    (b) file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)     All subsequent documents, including the Defendant's Answer, must be filed electronically on the ECF system at ecf.nysd.uscourts.gov. Electronic filing involves using your ECF password to docket the item directly into the ECF system. Electronic filing is not the same as email to the Clerk. Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)     Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

    When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    (a) For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

        **appeals@nysd.uscourts.gov**

    (b) For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

        **wpclerk@nysd.uscourts.gov**

(7)     Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

    (a) SDNY Procedures for Electronic Case Filing    (d) Local Rules of this Court, and
    (b) SDNY Guidelines for Electronic Case Filing    (e) Federal Rules of Civil Procedure
    (c) Individual Rules of the Assigned Judge

### ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

✓     Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

✓     Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

✓     Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

✓     Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

✓     Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

✓     The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

### WWW.NYSD.USCOURTS.GOV

J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV
CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at www.nysd.uscourts.gov

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at www.nysd.uscourts.gov

1

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record, Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to https://ecf.nysd.uscourts.gov Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be completed before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

3

For cases assigned to a Manhattan Judge: **case_openings@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at www.nysd.uscourts.gov

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No. For all other electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.

**Q. How do I file a proposed order, judgment or stipulation?**

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I file an Order to Show Cause?**

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I file a default judgment?**

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: orders_and_judgments@nysd.uscourts.gov

For cases assigned to a White Plains Judge: wpclerk@nysd.uscourts.gov

**Q. How do I submit a letter?**

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

**Q. Will sealed documents be filed electronically?**

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

 For cases assigned to a Manhattan Judge: **appeals@nysd.uscourts.gov**

 For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to **help_desk@nysd.uscourts.gov**

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users. Go to **www.nysd.uscourts.gov**

CIVIL ACTION NO:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC DIFRISCO AND SUSAN DIFRISCO,

Plaintiffs,

-against-

MARRIOTT INTERNATIONAL, INC.,

Defendant.

## SUMMONS AND COMPLAINT

### RUSSO, KEANE & TONER, LLP

Attorneys for Plaintiffs
26 Broadway - 28th Floor
New York, New York 10004
(212) 482-0001
Fax (212) 482 0002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

DOMINIC DIFRISCO and SUSAN DIFRISCO,

                    Plaintiff,                              Docket No.: 07 CV 3531

          -against-                                         **ANSWER**

MARRIOTT INTERNATIONAL, INC.,

                    Defendant.

———————————————————————X

    Defendant, MARRIOTT INTERNATIONAL, INC., by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for its answer to the plaintiffs' complaint, respectfully alleges:

## JURISDICTION AND VENUE

    1.    Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1".

    2.    Denies each and every allegation set forth in paragraphs numbered "2" except admits that MARRIOTT is a Delaware corporation that maintains its principal place of business in Maryland.

    3.    Denies each and every allegation set forth in paragraphs numbered "4" except admits that MARRIOTT is subject to personal jurisdiction in this district.

    4.    Denies each and every allegation set forth in paragraphs numbered "3" and leaves all matters of law to the honorable court.

## GENERAL ALLEGATIONS

    5.    Denies each and every allegation set forth in paragraphs numbered "6" and leaves all matters of law to the honorable court.

## DEFENDANT'S ANSWER TO PLAINTIFFS'
## FIRST CAUSE OF ACTION

6.      Defendant, MARRIOTT INTERNATIONAL, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "6" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "7".

7.      Denies each and every allegation set forth in paragraphs numbered "8", "9", "10", "13", "16" and "17".

8.      Denies each and every allegation set forth in paragraphs numbered "11", "12", "14" and "15", and leaves all matters of law to the honorable court.

## DEFENDANT'S ANSWER TO PLAINTIFFS'
## SECOND CAUSE OF ACTION

9.      Defendant, MARRIOTT INTERNATIONAL, INC., repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "17" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "18".

10.     Denies each and every allegation set forth in paragraphs numbered "20" and "21".

11.     Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "19".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     That by entering into the activity in which the plaintiffs were engaged at the time of the occurrence set forth in the complaint, said plaintiffs knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever

injuries and damages were sustained by the plaintiffs herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiffs in their activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    The defendant pleads the defense of collateral estoppel by reason of the fact that there has been an adjudication and determination of the issues of the plaintiff's claim prior to the commencement of this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.    Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.    Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    Whatever injuries and/or damages sustained by the plaintiff at the time and

place alleged in the complaint, were due to the acts of parties over whom the defendant was not

obligated to exercise any control or supervision.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIE DEFENSE

18.    That the defendant, MARRIOTT INTERNATIONAL, INC., exercised

reasonable care in the ownership, maintenance, design, inspection, and upkeep of the premises

in question.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    The premises in question conformed with all applicable rules, regulations, laws,

statutes, codes, standards and requirements formulated and/or in effect at the time of the

alleged accident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.    That the plaintiffs failed to use safety devices available to the plaintiffs at the

time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such

devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiffs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.    That the plaintiff could with due diligence have obtained personal jurisdiction

over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or

absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject

occurrence.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.    Defendant had neither actual nor constructive notice of the alleged condition or

defect that allegedly caused or contributed to plaintiff's accident.

WHEREFORE, defendant, MARRIOTT INTERNATIONAL, INC., demands

judgment dismissing the complaint herein together with the costs and disbursements of this

action.

Dated: New York, New York
      July 6, 2007

                                 Yours, etc.,

                                 WHITE FLEISCHNER & FINO, LLP

                                 By: _____

                                     DANIEL M. STEWART (DMS 7989)
                                 Attorneys for Defendant
                                 140 Broadway - 36th Floor
                                 New York, New York 10005
                                 (212) 487-9700
                                 Our File No.: 104-12742-D-PAF/DMS

TO:    (See Attached Affidavit)

## Answers to Complaints
1:07-cv-03531-CM Difrisco et al v. Marriott International, Inc.
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

#### Notice of Electronic Filing

The following transaction was entered by Stewart, Daniel on 7/6/2007 at 11:36 AM EDT and filed on 7/6/2007

**Case Name:**       Difrisco et al v. Marriott International, Inc.
**Case Number:**     1:07-cv-3531
**Filer:**           Marriott International, Inc.
**Document Number:** 4

**Docket Text:**
ANSWER to Complaint. Document filed by Marriott International, Inc.. (Attachments: # (1))(Stewart, Daniel)

**1:07-cv-3531 Notice has been electronically mailed to:**

Daniel MacLaren Stewart     dstewart@wff-law.com

Stephen B. Toner   s.toner@rktlaw.com

**1:07-cv-3531 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/6/2007] [FileNumber=3550547-0]
[1f37880b05a4d60c36eeaa1bdc51dcd7528cfbb5252bf02a2989fca8d5d9e144da1a
567b9c49fa4035b6b19132829ba457e46016cbcc3aba11e15fd2f4eb1827]]
**Document description:**
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/6/2007] [FileNumber=3550547-1]
[72809b0e874c4c09989e0f2794dd0e8e1d235d5f26ab71276c3b045a75b58a77edd3
4bfae809e90caa0d4bbc7e6224e22f87b13f37e06ca10362d2472e948e6e]]

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on July 6, 2007, deponent served the within **ANSWER** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:


TO:

Stephen N. Toner, Esq.
RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Fax (212) 482-0002

_____
Wendy Jantz

Sworn to before me this
6th day of July, 2007


_____
DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 19, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC DIFRISCO and SUSAN DIFRISCO,

Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

Defendant.

## ANSWER

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
**140 BROADWAY
NEW YORK, N.Y. 10005
(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*      is hereby admitted.
*Dated:*

.........................
*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*
NOTICE OF
ENTRY

☐ *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court, at , on , at .*
NOTICE OF
SETTLEMENT

*Dated:*

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT*
**140 BROADWAY
NEW YORK, N.Y. 10005**