B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

DOMINIC DIFRISCO and SUSAN DIFRISCO,
                       Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

                       Defendant.

------------------------------------------------------------- X

Index No.: 07 CV 3531

**SUBPOENA AD TESTIFCUNDUM**

TO:    Aimee Yohann
         39-07 Broadway, Suite #B
         Fairlawn, New Jersey 07410

      WE COMMAND YOU, that all business and excuses being laid aside, you appear and give testimony at the offices of:

WHITE FLEISCHNER & FINO, LLP.
61 Broadway 18th Floor
New York, New York 10006

      On the 20th day of February, 2008, at 10:00 o'clock in the forenoon, and at any recessed or adjourned date.

      You are required to appear and give testimony regarding the above captioned plaintiff's insurance claims arising from January 3, 2007. This testimony is relevant and material to this litigation, as to the witness, AIMEE YOHANN, was identified by plaintiff as having knowledge of facts and circumstances related to the claims in this adversary proceeding.

      According to Fed. Rule Civ. Procedure:

45(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. That court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any and all of the designated materials or of the premises.

If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance;

    (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

    (iv)    subjects a person to undue burden.

(B) If a subpoena

    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

d) Duties in Responding to Subpoena.

(1) A person responding to subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be

made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Dated:  New York, New York
        February 1, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____
PAUL A. FINO, JR. (PAF – 2435)
Attorneys for Defendant
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 104-12742-D-PAF/DMS
Pfino@wff-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINIC DIFRISCO and SUSAN DIFRISCO,

Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.

Defendant.

---

## SUBPOENA AD TESTIFICANDUM

WHITE FLEISCHNER & FINO, LLP
*Attorneys for DEFENDANT, MARRIOTT INTERNATIONAL, INC.*
61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700

---

WHITE FLEISCHNER & FINO, LLP

61 BROADWAY
NEW YORK, N.Y. 10006