UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DOMINIC DIFRISCO and SUSAN DIFRISCO,

                     Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

                     Defendant.
---------------------------------------------------------------X

Docket No.:
07 CV 3531(CM)(DCF)

**DECLARATION IN FURTHER SUPPORT**

    PAUL A. FINO JR., an attorney duly admitted to practice law in the District Court for the Southern District of New York, hereby affirms the following under penalty of perjury pursuant to 28 U.S.C. §1746:

    I am a member of the law firm WHITE FLEISCHNER & FINO, LLP, attorneys for the defendant MARIOTT INTERNATIONAL, INC. and as such, am fully familiar with the facts and circumstances surrounding this action based upon a review of the file and its contents maintained in this office.

    This declaration is submitted in further support of defendant's motion pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, for an Order holding Ms. Aimee Yohann in contempt of Court, imposing sanctions upon her for all costs incurred in defendant's repeated attempts to conduct her examination before trial, and precluding Ms. Yohann from offering testimony at trial unless she submits to an examination before trial, which is still requested in lieu of sanctions and contempt.

    First and foremost, as plaintiff's counsel readily admits, the law firm of Russo, Keane & Toner, LLP does not represent the non-party witness, Ms. Yohann. Mr. Toner, in his 'Affirmation In Opposition' also states that his office has not been in contact with Ms. Yohann regarding defendant's subpoena for this deposition. Defendant finds it difficult to

understand plaintiff's interest in whether or not sanctions are imposed against Ms. Yohann, based upon counsel's characterization of their relationship, or professed lack thereof.

Plaintiffs note that other individuals traveling with them at the time of the alleged accident were already deposed, and that none of these individuals "even mentioned Ms. Yohann" in their deposition testimony. This argument is meaningless. Plaintiffs identified Ms. Yohann in their depositions, and defendants are entitled to question Ms. Yohann concerning the bathroom conditions in the hotel at issue.

Notwithstanding the lack of standing plaintiffs or their counsel would have to contest the instant motion, or any objections plaintiffs have to the relevance of Ms. Yohann's testimony, defendant has complied with all of the Court's prerequisites for bringing this motion. While plaintiffs contend that the 'Return Receipt' is "conspicuously absent" from defendant's exhibits, no such proof of mailing was or is required by Court Order or statute. As illustrated by the affidavit of Ms. Lise-Ann Kaidoo (**Exhibit "D"** of Defendant's original moving papers), Ms. Yohann was well aware of both the fact that she had missed a scheduled deposition, and that it had been rescheduled for a later date. The letter of April 17, 2008 that plaintiff refers to was held by the Post Office for two weeks and, despite notice left at Ms. Yohann's residence, went unclaimed. Please find U.S. Postal Service "Track & Confirm Email" annexed hereto as **Exhibit "A"**.

Any omission to include proof of service of the non-party witness subpoena on Ms. Yohann with the exhibits to defendant's initial Declaration in Support was purely a clerical error on the part of this office. Please find the affidavit of service annexed hereto as **Exhibit "B"**. Nonetheless, the Court requested a copy of such proof of service in their Order dated April 14, 2008 and it was so provided on April 15, 2008 via letter from this office. As

plaintiffs' counsel was copied on the April 15, 2008 letter, they were and are well aware of the fact that Ms. Yohann was properly served with the initial subpoena.

Defendant has already demonstrated that Ms. Yohann was served with a subpoena for her testimony. Moreover, this office has had contact with Ms. Yohann in April for purposes of scheduling the deposition, as evidenced by the affidavit of Lise Ann Kaidoo. Accordingly, there is no dispute that Ms. Yohann is aware of this Court's jurisdiction over her, and our office's interest in deposing her. Her complete failure to honor prior scheduled appearance dates and her failure to make any effort to contact our office in this regard, amply evidences the willful and contumacious character of Ms. Yohann's conduct. A finding of contempt is appropriate under these circumstances.

There have been numerous communications between the parties and the Court in reference to Ms. Yohann's appearance. The Court was clear in its Order dated April 29, 2008, annexed to Defendant's Declaration in Support as **Exhibit "H"**, that defendant may make "take the appropriate steps to seek to have Ms. Yohann held in contempt".

Rule 45(e) of the Federal Rules of Civil Procedure provides, in part, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena". The case law holds that a pre-requisite for seeking sanctions in connection with an Order for Contempt is that, in addition to a duly served subpoena, a Court Order has been issued. *See e.g. PainWebber Inc. v Acstar Ins. Co.*, 211 F.R.D. 247; 2002 U.S. Dist. LEXIS 23071 (S.D.N.Y. 2002); *Forum Ins. Co. v Keller*, 1992 U.S. Dist. LEXIS 15231 (S.D.N.Y. 1992). Defendant has met both procedural requirements, and despite reasonable efforts to secure Ms. Yohann's appearance, she has not appeared. In the fact of that reality, plaintiff's opposition is without merit. Defendant submits that, rather than

expend resources in filing opposition to defendant's instant motion, plaintiff could have simply made a phone call to their traveling companion and suggested that she appear for her deposition.

Defendants would prefer to obtain the testimony of Ms. Yohann. However, her complete failure to respond to our attempts to schedule her deposition have left us no other choice but to make the within motion.

WHEREFORE, Defendant MARRIOTT INTERNATIONAL, INC. respectfully requests that the Court issue an Order holding Ms. Aimee Yohann in contempt of Court, imposing sanctions against her in the form of repayment to this office for all costs incurred in defendant's repeated attempts to conduct her examination before trial, and precluding Ms. Yohann from offering testimony at trial, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 22, 2008

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____

Paul A. Fino, Jr.
Attorneys for Defendant
61 Broadway, 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 104-12742-D-PAF/DMS

TO:    (See Attached Affidavit)

A

| | |
|---|---|
| From: | "U.S._Postal_Service_" <U.S._Postal_Service@usps.com> |
| To: | <jrabkin@wff-law.com> |
| Date: | 7/15/08 2:04PM |
| Subject: | U.S. Postal Service Track & Confirm email Restoration - 7005 3110 0003 4404 7144 |

This is a post-only message. Please do not respond.

Jared Rabkin has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 7005 3110 0003 4404 7144

Service Type: Certified

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Unclaimed | FAIR LAWN NJ 07410 | 05/06/08 9:44am |
| Notice Left | FAIR LAWN NJ 07410 | 04/21/08 11:28am |
| Arrival at Unit | FAIR LAWN NJ 07410 | 04/21/08 8:56am |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm site at
http://www.usps.com/shipping/trackandconfirmfaqs.htm



Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7005 3110 0003 4404 7144**
Status: **Unclaimed**

Your item was returned to the sender on May 06, 2008 because it was not claimed by the addressee. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

(

| Site Map | Contact Us | Forms | Gov't Services | Jobs | Privacy Policy | Terms of Use | National & Premier Accounts |

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA    

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                                                    7/15/2008

*B*

*B*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOMINIC DIFRISCO and SUSAN DIFRISCO,

            Plaintiff(s)    Index No: 07 CV 3531

    -against-

MARRIOTT INTERNATIONAL, INC.,

            Defendant(s)
-----------------------------------------------------------------X

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK: ss:

### AFFIDAVIT OF SERVICE

Ryan Reese is being duly sworn deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens County, New York.

That on February 12th 2008 deponent served the SUBPOENA AD TESTIFCUNDUM on the parties listed below by alternative service (Nail & Mail) and by placing a copy in United States prepaid Mail by placing same in a mailbox in the State of New York.

TO:

    Aimee Yohann
    39-07 Broadway, Suite #B
    Fairlawn, New Jersey
    07410

1) On February 5th 2008 at 11:28 AM I traveled to the location of Aimee Yohann located at 39-07 Broadway, Suite #B, Fairlawn, New Jersey 07410. I attempted serve the individual in question. At this time there was no one located at the residence. I was able to speak with the subject's neighbor, I was informed that the subject worked long hours and was not around during the day. We were informed that the best time to get the subject at home would be early in the AM or after dark, also possible on the weekends.

2) On February 8h 2008 at 7:50 AM I traveled to the location of Aimee Yohann located at 39-07 Broadway, Suite #B, Fairlawn, New Jersey 07410. I attempted serve the individual in question. At this time there was no one located at the residence.

3) On February 11th 2008 at 8:02 PM. I traveled to the location of Aimee Yohann located at 39-07 Broadway, Suite #B Fairlawn New Jersey 07410. I attempted serve the individual in question. At this time there was no one located at the residence.

4) On February 12th 2008 at 7:10 PM I traveled to the location Aimee Yohann located at 39-07 Broadway, Suite #B Fairlawn, New Jersey 07410. I attempted serve the individual in question. . I noticed no one was home at the location. I posted a copy of said SUBPOENA AD TESTIFCUNDUM to the door. I then traveled to the United States post office in New York. I mailed a copy of said SUBPOENA AD TESTIFCUNDUM to the individual in question at the address in question, the papers were mailed in a plain white envelope marked personal and confidential.

Sworn to before me this
21 DAY OF February 200 8

_____
NOTARY PUBLIC

YURI KAKURIEV
Notary Public - State of New York
NO. 01KA6052808
Qualified in Queens County
My Commission Expires Dec 26, 2010

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

SHANNON KOROT, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island.

That on July 22, 2008, deponent served the within **DECLARATION IN FURTHER SUPPORT,** upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York:

TO:

Stephen N. Toner, Esq.
RUSSO, KEANE & TONER, LLP
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Fax (212) 482-0002


Aimee Yohann
39-07 Broadway, Suite B
Fairlawn, New Jersey 07410

_____
SHANNON KOROT

Sworn to before me this
22nd day of July 2008

_____
NOTARY PUBLIC

DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 18, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC DIFRISCO and SUSAN DIFRISCO,

                Plaintiff,

-against-

MARRIOTT INTERNATIONAL, INC.,

                Defendant.

## DECLARATION IN FURTHER SUPPORT

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for DEFENDANT MARRIOTT INTERNATIONAL, INC.*
**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

To:
Attorney(s) for

Service of a copy of the within      is hereby admitted.
Dated:

                                                ..........................
                                                Attorney(s) for

PLEASE TAKE NOTICE

☐   that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on
**NOTICE OF ENTRY**

☐   that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at , on , at .
**NOTICE OF SETTLEMENT**

Dated:

                                         **WHITE FLEISCHNER & FINO, LLP**
                               *Attorneys for MARRIOTT INTERNATIONAL, INC.*
                                           **61 BROADWAY
NEW YORK, N.Y. 10006**