# RUSSO, KEANE & TONER, LLP
## ATTORNEYS AT LAW
### 26 BROADWAY
### NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002
WWW.RKTLAW.COM

MEMO ENDORSED

THOMAS F. KEANE
ALAN RUSSO *
STEPHEN B. TONER **
FERN FLOMENHAFT *
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
*ALSO ADMITTED IN CONNECTICUT
*ALSO ADMITTED IN MASSACHUSETTS
*ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

JOHN J. KOMAR
THERESA VILLANI
DENISE M. BUSH *
BRENDA R. HALL
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY *
CHARLENE C. KOW *
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
MATTHEW P. MAZZOLA
LEE-DAVID WEINER
TINA ALTINEL-PROFITA
JOHN A. CORRING



9-9-08

September 4, 2008

### VIA FEDERAL EXPRESS

U.S. Magistrate Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street; Room 520
New York, New York 10007-1312

    Re:    **DOMINIK DIFRISCO v. MARRIOTT INTERNATIONAL, INC.**
           USDC-SD Docket No:    07 Civ. 3531
           Date of Loss:    January 3, 2007
           RK&T File No.:    640.039

Dear Judge Freeman:

    On February 28, 2008, the undersigned sent a letter to Judge Colleen McMahon requesting additional time to complete outstanding discovery including the depositions of the defendant's witnesses Ms. Frances Kassner, the defendant's Senior Manager, Corporate Casualty Claims, and Mr. Bradley R. Wood the defendant's Senior Vice President, Risk Management. In that request, the undersigned requested not only to take the aforementioned depositions, but also to be allowed to follow up on those depositions with any discovery demands for relevant documents and/or disclosure which were identified in the course of those depositions.

    Judge McMahon Judge McMahon granted that request. In her Order she stated *"I would*

---

RUSSO, KEANE & TONER

*ordinarily cut off discovery and preclude defendants from consenting (contesting) matters as to which they have not responded. Do that once or twice and lawyers will stop playing games. But I will grant your request. I will not grant any additional time. If defense counsel continues to play games, he/she should understand that I will impose sanctions in the form a preclusion order."*

The deposition of Ms. Kassner went forward here in New York on March 25, 2008. You may recall that, at that deposition, Ms. Kassner testified that <u>**the defendant did indeed have**</u> a computerized database of claims information which could identify, collate and prepare claims report/loss-runs data which would specifically identify the number, location and description of guest accidents which involved slips and falls which occurred in the defendant hotel's guests' bathrooms. **That testimony was directly contrary to the statements made by defense counsel since November 2007, wherein they consistently maintained that there was no way to provide that information in response to plaintiffs' demands, as all such claims/incident/accident reports were filed under the claimants' names.** Defense counsel further represented to this Court that based upon the alleged fact that the defendant received approximately 25,000 claims per year across 6000 hotels, identifying specific similar incidents to the subject incident would be next to impossible. Consequently, when these computer loss runs were ultimately produced on April 11, 2008, consisting of over 525 similar claims, the deposition of Ms. Kassner had been concluded and the plaintiff had been severely prejudiced by the defendant's failure to disclose this information prior to Ms. Kassner's deposition.

You may also recall that the defendant objected to producing Mr. Wood for his deposition here in New York. You issued an Order directing that his deposition go forward at the defendant's corporate headquarters in Bethesda, Maryland. That deposition went forward on May 14, 2008. Also, following extensive motion practice by defense counsel to hold non-party witness, Aimee Yohann, in contempt of Court for failing to appear for her non-party witness' deposition, her deposition ultimately went forward at defendant's office on August 6th, 2008.

After experiencing some difficulty in obtaining the deposition transcript of Bradley Wood, that transcript was ultimately obtained. After reviewing the testimony of Ms. Kassner and Mr. Wood, the undersigned prepared and served a Notice to Produce documents and information, pursuant to Judge McMahon's Order, and served it on defense counsel. A copy of that Notice to

RUSSO, KEANE & TONER

Produce, dated August 27, 2008, with the specific references to the deposition transcript pages where the witnesses testimony supplied the basis for the demand, is annexed hereto.

Defense counsel has now rejected that demand, stating that such a demand should have been served within 30 days following the respective depositions. A copy of defense counsel letter, dated August 29, 2008, is also annexed hereto.

Judge McMahon's Order clearly indicated her permission that plaintiff's counsel would be allowed to follow up with discovery demands for documents, information and related discovery which were disclosed for the first time during those two depositions. Defense counsel has chosen to reinterpret Judge McMahon's Order in an attempt again avoid producing relevant, material and necessary documents.

At each of the defendant's witness' depositions they have attempted to obfuscate their records keeping, to deny knowledge of the existence of certain documents and records, not produce the relevant records prior to depositions and attempted to thwart meaningful and relevant testimony from being obtained for the respective witnesses. Almost uniformly, the defendant's witnesses either denied knowledge of the existence of certain records and documents, or said that the specific records and documents were in the custody of a separate department and/or division of Marriott International.

Fran Kassner, in her deposition on March 25, 2008, stated that numerous areas of inquiry should be addressed to Andy Williams the defendant's Regional Director, Loss Prevention for Continental Europe, who had been deposed previously in Paris on February 11, 2008, prior to certain claims and incident report documents being produced.

Brad Wood, during his deposition on May 14, 2008 in Bethesda Maryland, deferred numerous questions as to notice to the defendant of the dangerous conditions of the guests' bathrooms to other departments within the Marriott, such as their "Loss Prevention Department" or their "Insurance Department", or their "International Lodging Department". He had identified the existence of numerous relevant and necessary documents, reports and loss/claims data, but denied that he had custody of such documents.

Not wanting to prolong the discovery process and take additional depositions in Maryland of these respective Marriott departments, and having had to wait for receipt of the defendant's

3

RUSSO, KEANE & TONER

**MEMO ENDORSED**

transcripts so that the documents to be demanded could be specifically identified to that portion of the defendant's depositions where these documents were first identified, the attached discovery demand was served.

In addition, the plaintiff has demanded a copy of the deposition transcript of Aimee Yohann, as well a copies of deposition exhibits which were marked and used during the other non-party witnesses' depositions. As of this time, defense counsel has failed to provide those exhibits or that transcript.

Therefore, I am requesting that this Court issue an Order that defense counsel is to fully and completely respond to the annexed discovery demand, as well as provide a copy of the deposition testimony of Aimee Yohann and all exhibits marked and used during the depositions of the other non-party witnesses which the defendant subpoenaed for depositions.

Following which, the plaintiff will have the information necessary to be able to complete the proposed "Joint Pre-Trial Order", pursuant to Judge McMahon's Rules.

**MEMO ENDORSED**

SBT/md
Encls.

Very truly yours,
RUSSO, KEANE & TONER, LLP

STEPHEN B. TONER

cc: Paul A. Fino, Jr.,
**WHITE, FLEISHNER & FINO, LLP**
61 Broadway - 18th Floor
New York, New York 10006
Your File No.: 104-12742-PAF/DMS

For the reasons stated in defendant's opposition to this application (see letter to the Court from Paul A. Fino, Jr., Esq., dated Sept. 9, 2008), the within application is denied.

SO ORDERED:  DATE: 9/9/08

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE