# RUSSO, KEANE & TONER, LLP
## ATTORNEYS AT LAW
26 BROADWAY
NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002
WWW.RKTLAW.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08

THOMAS F. KEANE
ALAN RUSSO
STEPHEN B. TONER*
FERN FLOMENHAFT*
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
*ALSO ADMITTED IN CONNECTICUT
*ALSO ADMITTED IN MASSACHUSETTS
*ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

JOHN J. KOMAR
THERESA VILLANI
DENISE M. BUSH*
BRENDA R. HALL
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY
CHARLENE C. KOW*
MARIE A. CASTRONUOVO
MARIE-FABIENNE P. DECASTRO
MATTHEW P. MAZZOLA
LEE-DAVID WEINER
TINA ALTINEL-PROFITA
JOHN A. CORRING

## MEMO ENDORSED

September 10, 2008

**VIA FACSIMILE (212) 805-6326**

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

9/11/08 For the reasons set forth in defendant's letter to Judge Freeman, her order is AFFIRMED.

Colleen McMahon
USDJ

RE: DIFRISCO v. MARRIOTT INTL'
Docket No.: 07-CV-3531 (CM)(DCF)
Our File No.: 640.039

Dear Judge McMahon:

The undersigned represents the plaintiff in the above captioned action for personal injuries sustained by Dr. DiFrisco when he fell in the bathroom of defendant's hotel in Paris, France, on January 3, 2007.

On November 7, 2007 the plaintiff served his Rule 26(a)(2) Expert Witness Disclosure of Dr. C. J. Abraham, P.E., a professional engineer specializing in safety engineering. Dr. Abraham's report concluded, *inter alia*, that the defendant had notice that the design, construction and appurtenances provided in the subject bathroom constituted a dangerous and hazardous condition to the guests of the hotel utilizing such bathrooms. Please see the attached report of Dr. Abraham.

RUSSO, KEANE & TONER

The defendant has denied they had notice of this dangerous condition, and/or that claims of guest accidents being sustained as a result of falls occurring in the guests' bathrooms, were rare or infrequent, so as not to constitute and appreciable risk which the defendant should attempt to ameliorate.

On January 28, 2008, the plaintiff served a Rule 30 Demand for the Examination Before Trial of Brad Wood, the Senior Vice President of Risk Management for the defendant, as well as for Frances Kassner, the defendant's National Claims Examiner of Casualty Claims (see attached Notice). The defendant objected to production of those witnesses.

Therefore, on February 28, 2008 I wrote to you requesting an Order directing the defendant to produce those witnesses and requesting extension of time to complete discovery including "any follow up discovery demands which arise out of defendant's responses and/or those depositions" (see attached letter of February 28, 2008). These depositions were necessary to identify and obtain the documents in defendant's possession which would show the notice to the defendant of risk of the subject incident occurring.

Your Honor granted that request. In your Order you stated *"I would ordinarily cut off discovery and preclude defendants from contesting matters as to which they have not responded. Do that once or twice and lawyers stop playing games. But I will grant your request. I will not grant any additional time. If defense counsel continues to play games he/she should understand that I will impose sanctions in the form of a preclusion order."* (See attached copy of the electronic filing)

Since the outset of this action, the defendant had steadfastly maintained that it was impossible to provide documents/data/loss runs of claims made against the defendant for personal injuries sustained to guests arising out of falls occurring in the guests' bathrooms. It was their position in the course of several conferences with Magistrate Freeman regarding their response to the plaintiffs' prior discovery demands for this specific information, that all such claims were filed and collated as to the claimant's name alone. Therefore, they could not distinguish as to the location or circumstances of any type or category of accident.

The deposition of Ms. Kassner went forward here in New York on March 25, 2008. At that deposition Ms. Kassner testified that **the defendant did indeed have** a computerized database of

2

RUSSO, KEANE & TONER

claims information which could identify, collate and prepare claims report/loss-runs data which would specifically identify the number, location and description of guest accidents which involved slips and falls which occurred in the defendant hotel's guests' bathrooms. Defense counsel subsequently represented that this testimony came as a surprise to them.

When those computer loss runs were ultimately produced on April 11, 2008, they consisted of more than 525 similar claims. Unfortunately the deposition of Ms. Kassner had been concluded and the plaintiff had been severely prejudiced by the defendant's failure to disclose this information prior to Ms. Kassner's deposition.

A dispute then arose between the parties regarding the location of the deposition of Brad Wood. It was the plaintiff's position that your Order directed the deposition to occur here in New York. The defendant 's position was that Mr. Wood should be deposed at the defendant's headquarters in Bethesda, Maryland. Magistrate Freeman resolved that dispute with her Order of April 1, 2008 directing that the witness be deposed in Maryland (see attached).

The deposition of Brad Wood went forward in Maryland on May 14, 2008. During his deposition Brad Wood deferred numerous questions as to documents (which would be evidence notice to the defendant of the dangerous conditions of the guests' bathrooms) to other departments within the Marriott, such as their "Loss Prevention Department" or their "Insurance Department", or their "International Lodging Department". He had identified the existence of numerous relevant and necessary documents, reports and loss/claims data, but denied that he had custody of such documents.

Following Mr. Wood's deposition there was motion practice by defense counsel to hold a non-party companion of the plaintiff, Ms. Aimee Yohann, who had traveled with them to Paris, in contempt of Court for failing to appear for a non-party witness deposition at defense counsel's office. When it was shown that Ms. Yohann had not been properly served with defendant's motion, Magistrate Freeman issued an Order on July 24, 2008 which denied defendant's motion and directed Ms. Yohann to appear for her non-party witness' deposition by a date certain (see attached).

Ms. Yohann appeared at defense counsel's office and was deposed on August 6th, 2008.

After having experienced some difficulty in obtaining the deposition transcript of Brad Wood in Maryland, that transcript was eventually obtained. A follow up Notice to Produce was served on

3

RUSSO, KEANE & TONER

defense counsel on August 27, 2008 which made specific reference to the documents and information which had been identified for the first time during the depositions of Mr. Wood and Ms. Kassner (see attached Rule 34 Notice to Produce dated August 27, 2008).

Defense counsel rejected that notice taking the position that such a demand should have been served within 30 days following completion of the respective defendants depositions.

We requested Magistrate Freeman order the defendant to respond to the annexed demands. Defense counsel objected to that request. For the reasons set forth in defense counsel's letter to the Court, Magistrate Freeman denied the plaintiff's request for a response to the annexed Discovery Demand. Attached are copies of our letter of September 4, 2008, defendant's objection of September 9, 2008 and Magistrate Freeman's decision of September 9, 2008.

I am requesting your honor extend the discovery deadline to include ordering the defendant to respond to the plaintiff's discovery demand of August 27, 2008.

The plaintiff has been compelled to conduct numerous depositions which may not have been necessary had the defendant accurately identified the existence of loss runs and claims data when that information was originally demanded in plaintiffs' First Set of Interrogatories served on November 7, 2007 (see annexed demands #51 through #55 served on November 7, 2007).

Several depositions were taken of defendant's witnesses in Paris, France, while plaintiffs' counsel was laboring under the misinformation as to the nonexistence of claims/accident data. Had that information, identified during the depositions of Ms. Kassner and Mr. Wood, been provided in response to plaintiffs' November 7, 2007, other depositions may not have been necessary. Clearly, the plaintiff's were extremely prejudiced in those Paris depositions due to the defendant's misinformation regarding such loss/claims information.

The plaintiff's do not request additional depositions of a representative of the defendant's "Loss Prevention Department" or their "Insurance Department", or their "International Lodging Department" (as identified by Mr. Wood). The plaintiffs are trying to prepare their "Joint Pre Trial Order" per your Honor's rules. But the documents belatedly identified by the defendant are necessary in the review by Dr. Abraham in his preparation for testifying at the time of trial.

Moreover, the January 28, 2008 Rule 30 Demand for the depositions of Ms. Kassner and Mr. Wood, contained the demand: *"That the persons to be examined are required to produce at such*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOMINIK DIFRISCO and SUSAN DIFRISCO

      Plaintiff,      Docket No. : 07 CV 3531

MARRIOTT INTERNATIONAL, INC.    **RULE 26(a)(2) DISCLOSURE**

      Defendant.
-------------------------------------------------------------------X

  1.  Dr. C. J. Abraham, P.E. is the Director of Scientific Advisory Service, Ltd. (hereinafter "SAS"), a corporation that consults internationally to corporations, the legal profession, and government agencies in the areas of safety, safety engineering and design, new product development, OSHA, Labor Law, construction safety, manufacturing, risk analysis, construction materials, glass and glass products, polymers and plastic products, warnings and instructions, quality control, products liability, personal injury and property damage. He has a Bachelor of Arts degree in Chemistry and Mathematics (minor in physics), Masters Degree in Physical-Organic Chemistry, and a Doctorate in Organic Chemistry. He is a licensed Professional Engineer with a specialization in Safety, Safety Engineering and Design, a Certified Professional Chemist and Chemical Engineer, Fellow and Charted Chemist in the Royal Institute of Chemistry (London, England), Diplomate in the American Academy of Environmental Engineers, Fellow in the Textile Institute (Manchester, England), Certified in Arson Detection (Bureau of Alcohol, Tobacco and Firearms, U. S. Dept. of the Treasury), Diplomate of the American Board of Forensic Engineering & Technology, and a member of the Architectural Review Board in Great Neck Village, New York. He has taught chemistry, physics, chemical engineering and professional engineering at the college level in the United States and presented lectures at universities in England and Scotland. In addition, he has

published papers in many areas including, but not limited to, safety, product safety, warnings and instructions. He also created and patented many products that are used and sold internationally. In the past, He has consulted to CBS and ABC News, Eye Witness News, the Department of Agriculture (Bureau of Mines), National Highway and Traffic Safety Administration (NHSTA). He has also been a United States delegate to the International Standards Organization (ISO), an organization that creates international safety standards. He has copyright registrations in the areas of battery warnings and instructions, toxic materials, household products, insect repellents and protective sports equipment. Dr. Abraham has been a member of the ASTM from 1964 to the present time, and a former member of Advisory Board on Industrial, Technical and High Performance Textiles on Manchester, England. He has also been a member and consultant to the Safety & Protective Equipment Committee (SPEC) of USA Hockey (12 years), a former member (20 years) of the executive committee and of the Hockey Equipment Council. In addition, he is also a Diplomate in the American Board of Forensic Examiners in Safety Engineering and a former consultant to OSHA in the area of safety and safety engineering. He has consulted to fast food restaurants in risk analysis in New York City, food stores in New York and chain stores in the United States and Canada. He has also consulted internationally over 1,000 slip, trip and fall cases in the United States and Canada. A copy of Dr. Abraham's curriculum is attached as Exhibit A. A list of cases in which Dr. Abraham has testified, depositions given and publications authored is annexed as Exhibit B.

2. The subject matter on which Dr. Abraham is expected to testify is the importance of and need for the defendants follow, at a minimum, meeting the basic standard of care promulgated by major hotel chains throughout the United States, Europe and the Far

East with reference to:

 a. The use of grab bars in the bath tub/shower areas;

 b. the installation of non-slip surface areas in the bath tub/shower areas;

 c. The voluntary standards set forth by OSHA, ANSI, and the ASTM as known standards of care that should have been followed in this case by the defendants. Marriott ignored that standard of care.

 d. The defendant have been placed on notice for decades with reference to the hazards and hidden danger that the marble/ceramic tiles have a low coefficient of friction and create a hidden hazard to the invitees. the CPSC has reported those types of accidents for over 20 years. Marriott ignored that notice.

 e. Marriott has been placed on notice for decades that, without creating a high coefficient of friction for the surface of the bath tub/shower areas, that the subject surface would not meet the basic requirements for a safe walking surface and would create a hidden danger that the Marriott management knew about but not the invitee. Marriott ignored that notice.

 f. Marriott had, at its disposal, the protocol followed by most of the major hotels that would have reduced and/or eliminated the risk of danger that Dr. DiFrisco was exposed to. They failed to meet that standard of care.

 g. Each Marriott hotel had a risk analysis division and/or safety division that had the non-delegable duty to minimize and/or eliminate the known inherent risks associated with slippery tiles in the bathroom as well as the slippery surfaces in the bath tub/shower areas.

 h. Marriott hotels are supposed to have trained managers who are supposed to be able

to recognize safety risks to invitees in all of the foreseeable areas that the invitee will be exposed to. The management of the subject hotel failed to meet that standard.

i. Marriott knew that the handicapped and older individuals would stay at their hotel. They knew that grab bars were required at the bath tub/shower areas as well as adjacent to the toilet. They did not meet that basic standard of care.

j. There were no warnings or instructions to any of the guests as to the slipperiness of all waling and stepping areas of the subject bathroom. Therefore, the warnings and instructions were defective.

k. The cost of eliminating all of the subject risks was minimal.

l. The carpet that was supplied by Marriott for the guests to step on after bathing was defective. It did not contain a proper non-slip backing.

m. The step up into the bathing area or the step down out of the bathing area without grab bars on both sides of the bathing area was defectively designed and unsafe.

3. The management and owners of the Marriott hotel knew or should have known that the use of slippery tiles in the bathroom in conjunction with slippery surfaces in the bathtub/shower areas was dangerous and created hidden hazards for their guests. The tile became even more dangerous when they supplied a rug to be used when leaving the bathtub/shower area without proper rubberized backing to reduce the risk of slippage.

4. The management of Marriott knew or should have known that anyone leaving the bathtub/shower would be exposed to the hidden hazards-the slippery surface in the bathtub/shower and worse, a carpet that actually slipped over the slippery tiles when stepped on by the guest. Dr. Defrisco was exposed to an enhanced hidden risk that was known to the

Marriott management.

5. There is an assumption by all guests who stay at the Marriott will be exposed to all safe areas throughout the hotel, rooms and surrounding areas. This includes, but is not limited to, all walking surfaces within the rooms, all food consumed in the restaurant, safety in the parking lot in all types of weather and that they will not be exposed to any hidden danger or any enhanced risks.

6. The defendants failed to warn Dr. DiFrisco that on entering or leaving bathtub/shower in his room, they should look out for slippery surfaces. The plaintiff nor anyone else was placed on notice that they would be exposed to slipping hazards when they entered or left the bathtub/shower. The fact is that no one should have to be warned. The walking areas must be free and safe from any type of tripping and/or tripping/slipping hazards.

7. The accident could have been easily eliminated by the management of the Marriott followed the protocol of other major hotel chains: keep all of the walking areas in the bathroom free of all slipping and tripping hazards. In the alternative, they could have easily used rubber mats, installed grab bars, covered the slippery tile with a carpet that was not defective and chemically treat the tiles outside the bathing area with a chemical that would etch the surface of the tiles and create a safe surface when wet or dry.

8. In conclusion, it is the opinion of the undersigned, with a reasonable degree of scientific certainty, that Marriott blatantly and intentionally ignored the safety and welfare of Dr. DiFrisco prior to and up to the time he was injured. The management of the Marriott has been placed on notice for decades that the accident that Dr. Difrisco experienced could have been easily eliminated for minimal cost.

9. It is further, the opinion of the undersigned, Dr. DiFrisco did not, in any way,

contribute to his injuries.

10. All of the opinions expressed above are within scientific certainty and also based upon the extensive experience of the undersigned over the last 30 years of consulting nationally and internationally. I will be prepared to provide additional opinions, if necessary, when and if additional documents and/or reports are submitted in the future.

Dr. C. J. Abraham   11/5/07

Dated: New York, New York
       November 7, 2007

                                                   Very truly yours,

                                                   STEPHEN B. TONER, ESQ. (ST0229)
                                                   RUSSO, KEANE & TONER, LLP
                                                   Attorneys for Plaintiff
                                                   26 Broadway, 28th Floor
                                                   New York, New York 10004
                                                   (212) 482-0001
                                                   Our File No.: 640.039

To:  Daniel M. Stewart, Esq.
     WHITE FLEISCHNER & FINO, LLP
     Attorneys for Defendant
     140 Broadway - 36th Floor
     New York, New York 10005
     (212) 487-9700
     File No.: 104-12742-D-PAF/DMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
DOMINIK DIFRISCO AND SUSAN DIFRISCO,

        *Plaintiffs,*

  -against-

MARRIOTT INTERNATIONAL, INC.,

        *Defendant.*
--------------------------------------------------------------X

Index No.: 07 CV 3531

**RULE 30 DEMAND FOR A**
**FEDERAL EXAMINATION**
**BEFORE TRIAL**

SIRS:

  **PLEASE TAKE NOTICE**, that pursuant to the Federal Rules of Civil Procedure the testimony, upon oral examination, of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of **RUSSO, KEANE & TONER, LLP**, 26 Broadway, 28th Floor, New York, New York 10004, on the **5th & 6th day of February, 2008**, at 10 o'clock in the forenoon of that day with respect to evidence material and necessary in the prosecution/defense of this action as to all of the relevant facts or circumstances alleged in the Complaint, including negligence, contributory negligence, liability and damages.

  1. Brad Wood
    Senior Vice President
    Risk Management
    Marriott International, Inc.,

  2. Frances Kassner
    National Claims Examiner
    Casualty Claims
    Marriott International, Inc.,

  That the persons to be examined are required to produce at such examination the following: All books, records and paper pertaining to claims management, claims analysis, categorization risk management, litigation, litigation indexing, loss/injury origin determination and related corporate records.

Dated: New York, New York
January 28, 2008

                                             Yours, etc.,

                                             STEPHEN B. TONER, ESQ.
                                             RUSSO, KEANE & TONER, LLP
                                             Attorneys for Plaintiff
                                             26 Broadway, 28th Floor
                                             New York, New York 10004
                                             (212) 482-0001
                                             Our File No.: 640.039

To:    Daniel M. Stewart, Esq.
        WHITE, FLEISHNER & FINO, LLP
        61 Broadway - 18th Floor
        New York, New York  10006
        (212) 487-9700
        Your File No.:  104-12742-PAF/DMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DOMINIK DIFRISCO AND SUSAN DIFRISCO,

                    Plaintiffs,

      -against-

MARRIOTT INTERNATIONAL, INC.,

                    Defendant.
----------------------------------------------------------------X

Index No.: 07 CV 3531

AFFIDAVIT OF PERSONAL SERVICE

State of New York, County of New York, ss:

      Frank Rivera, being duly sworn, deposes and says

      That deponent is not a party of this action, is over 18 years of age and resides in the County of New York, State of New York. That on the 28th day of January, 2008, deponent served within **RULE 30 DEMAND FOR A FEDERAL EXAMINATION BEFORE TRIAL** upon the following:

      Daniel M. Stewart, Esq.
      WHITE, FLEISHNER & FINO, LLP
      61 Broadway - 18th Floor
      New York, New York 10006

the address designated by said attorney(s) for that purpose by personal service.

                                                      Frank Rivera

Sworn to before me
28th day of January, 2008

Kathleen Cush
Notary Public, State of New York
No. 01CU4824622
Qualified in Kings County
Commission Expires May 31, 2010

KATHLEEN CUSH
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CU4824622
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES MAY 31, 2010

# RUSSO, KEANE & TONER, LLP
### ATTORNEYS AT LAW
### 26 BROADWAY
### NEW YORK, NEW YORK 10004

(212) 482-0001
FAX (212) 482-0002

THOMAS F. KEANE
ALAN RUSSO *
STEPHEN B. TONER *
FERN FLOMENHAFT *
KEVIN G. HORBATIUK
CLAIRE F. RUSH
CHRISTOPHER G. KEANE
DAVID S. GOULD

OF COUNSEL:
SUSAN KEANE
FRANCESCA A. SABBATINO

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
-ALSO ADMITTED IN MASSACHUSETTS
^^ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
^ ALSO ADMITTED IN GEORGIA

JOHN J. KOMAR
CHRISTOPHER D. MEHNO
THERESA VILLANI
DENISE M. BUSH
MICHELLE DEFEO *
BRENDA R. HALL
MEGHAN P. FLAHERTY
JOSEFINA A. BELMONTE
MICHAEL J. SWEENEY
CHARLENE C. KOW *
MICHAEL AMMIRATO
MARIE A. CASTRONUOVO
MARIE-FABIENNE F. DECASTRO
B. BARRINGTON PINK ^

February 28, 2008

### *VIA FACSIMILE (212) 805-6326*

Hon: Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

       RE:   DiFRISCO v. MARRIOTT INTL'
              Docket No.: 07-CV-3531 (CM)(DCF)
              Our File No.: 640.039

Dear Judge McMahon:

      My office represents the plaintiffs in the above captioned matter. This letter is written following a final discovery telephone conference which the parties had with Magistrate Debra Freeman on February 27, 2008. This is a request on behalf of the plaintiffs to extend the deadline for completion of three specific items of discovery.

      This case arises out of a claim for personal injuries suffered by the plaintiff, Dominik DiFrisco, when he fell in a guest bathroom at the Marriott Hotel Champs-Elysee in Paris.

      A previous sixty-day extension of time to complete discovery was jointly requested by defense counsel on November 29, 2007. A copy of that letter is attached. Your honor granted that

## RUSSO, KEANE & TONER

request and extended the discovery deadline to February 29, 2008.

The specific items of discovery which are outstanding are:

1. A Response to plaintiffs' November 7, 2007 demands for information regarding complaints, claims and lawsuits, made upon the defendant, by hotel guests for personal injuries arising out injuries sustained as a result in falls in the defendant's guest's bathrooms.
Attached for your review is a copy of plaintiffs' demands #51, 52, 54, & 55 and the defendant's initial response to those demands as being overly burdensome.

After numerous conferences between the parties and Magistrate Debra Freeman, it was Ordered by Magistrate Freeman that the defendant was to respond to that demand regarding the defendant's non-franchised hotels, operated by the defendant (as opposed to other brand-named hotels which the defendant owned). This compromise reduced the number of hotels to be searched from 6000 to approximately 378 hotels.

Defense counsel has indicated that they will have "*something*" in response to that demand by February 29, 2008. Unfortunately, as of this writing we have no idea of what the defendant's response will contain, or if indeed it will be responsive to the specifics set forth in plaintiffs' demands. In the event that the response is deemed insufficient, incomplete or otherwise uninformative, the plaintiff will want to opportunity to serve a supplemental demand on those specific issues.

2. On January 28, 2008, plaintiffs demanded the deposition of Brad Wood, the Senior Vice President of Risk Management, and Frances Kassner, the defendant's National Claims Examiner - Casualty Claims, to be held in New York, on February 5th and 6th 2008. A copy of that demand is attached as well.

The defendant objected to that notice to the extent that these individuals could not be produced at the time noticed. Other than that objection, the defendant did not move for a protective order regarding the depositions of those parties.

3. The parties went to Paris for a site inspection at the defendant's hotel and depositions on February 10, 11 and 12, 2008. Those deposition transcripts were received on February 25, 2008 on an expedited basis. A follow-up notice for production of documents and information identified for the first time during those depositions was served on defense counsel by hand on February 25, 2008. A copy of that demand is also attached hereto.

RUSSO, KEANE & TONER

A follow-up letter was sent to defense counsel regarding outstanding items o discovery on February 15, 2008, and is also attached for your review.

That letter was followed by the parties conversing between us to resolve which issues we could, and then a conference call with Magistrate Freeman on February 27, 2008.

At the conclusion of that conference, Magistrate Freeman indicated that she had no authority to adjust the discovery cut off date set by your honor and that our application should be made directly to your honor.

Magistrate Freeman has scheduled a final conference to discuss settlement potential once the outstanding discovery matters are resolved. That conference is set for 12:00 p.m. on March 31, 2008.

The information demanded in #1 above is essential in the preparation for, and the examination of, the two noticed witnesses. The defendant has offered no dates when these witnesses will be made available to be deposed.

The parties have been cooperating with each other and have utilized Magistrate Freeman's guidance in resolution of contested discovery issues immediately once they arose.

Both parties have been very conscientious of this Court's deadlines and have endeavored to move this matter along as expeditiously as possible. Unfortunately, due to the remote location of this incident and the time involved in obtaining the information from defendant's corporation, completion of all discovery within the deadline has been impossible.

The plaintiffs have complied with all demands made by the defense in a timely manner and have done everything in their power to comply with this court's directives. The plaintiffs should not be penalized in the preparation of their case due to matters beyond their control.

The issues of notice to the defendant, which is the subject of the demands #51, 52, 54, & 55, and the need for the depositions of Brian Wood and Frances Kassner, are a central issue in this case, and essential to the plaintiffs' prima facie burden of proof.

Therefore, we respectfully request an additional 30 days to:

1. Review the defendant's responses to demands #51, 52, 54, & 55;
2. To depose Brad Wood and Frances Kassner here in New York;
3. To serve any follow up discovery demands which arise out of defendant's responses and/or those depositions; and

## RUSSO, KEANE & TONER

    4.    To obtain defendant's responses to the February 25, 2008 discovery demands.

Thank you for your consideration of this request.

Very truly yours,<br>
RUSSO, KEANE & TONER, LLP<br>
<br>
STEPHEN B. TONER<br>
<i>S.Toner@RKTLaw.com</i>

SBT/mc

cc:    Daniel M. Stewart, Esq.        *Via fax only: 212-487-9777*
       WHITE, FLEISHNER & FINO, LLP
       61 Broadway – 18th Floor
       New York, New York 10006
       *dstewart@wff-law.com*

       U.S. Magistrate Debra Freeman    *Via fax only: 212-805-4258*
       United States District Court
       Southern District of New York
       500 Pearl Street; Room 520
       New York, New York 10007-1312