UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DOMINIK DiFRISCO AND SUSAN DiFRISCO,

                                       Plaintiffs

                   Index No.: 07 CV 3531

             -against-

                   **PLAINTIFFS' PROPOSED**
                   <u>**VOIR DIRE QUESTIONS**</u>

MARRIOTT INTERNATIONAL, INC.,

                                       Defendant.
------------------------------------------------------------------x

The plaintiffs, DOMINIK DiFRISCO and SUSAN DiFRISCO, by their attorneys, Russo, Keane & Toner, LLP, respectfully submit the following question to be submitted to the prospective jurors in the above entitled action in the course of voir dire:

**A.**     **PERSONAL BACKGROUND**

*Educational background:*

1. What is the highest degree of formal education obtained by the juror.

2. The type of degree received, the name and location of the institution, the year the degree was received and the field of study the degree awarded in.

3. Any specific non-academic training received (ie: professional training, post-graduate courses, career development, etc.)

4. Any non-academic awards, citations, letters of recognition received from any organization, government or organized group; together with the name location and purpose of such group.

5. What languages does the juror speak other than English.

6. Does the juror have any hobbies. If so, what are they.

7. Does the juror engage in any regular sporting activities. If so, which ones and in what

setting.

8. How does the juror usually spend his or her free/leisure time.

9. Can the juror name their favorite TV shows or Movies.

10. Is the juror currently taking any type of medication, either prescription or non-prescription.

11. Do they smoke cigarettes.

12. Do they drink alcohol; if so, describe the frequency.

13. Does the juror have any physical impediments to hearing, reading or understanding English.

*Occupation:*

14. What is the juror's present occupation.

15. Describe all occupations over the past 10 years and where that work was located.

16. Have they received any type of professional or occupational training.

17. Do they hold any type of professional licenses, certifications, degrees, or other such recognition.

18. Are they an employer or an employee.

19. Do they work with engineers, in construction, renovation, or other type of building industry.

20. Have they ever been involved with the design, construction or equipment in hotel bathrooms.

*Immediate Family members:*

21. With whom do they reside.

22. Ages and sex of each such family member.

23. Occupations of family members.

24. Any family member, close personal friend or acquaintance employed in the fields of law, medicine, engineering or the hotel industry.

25. Interaction with that family member and/or friend.

## B. GENERAL LITIGATION INQUIRY:

26. Have they ever sat on a jury before. If so, was it Civil, Criminal or both.

27. Did they come to a verdict.

28. Were they satisfied with the outcome of that experience.

29. Ask them to describe that experience.

30. What do they perceive as the role of a jury in a civil case.

31. Are they aware that this is a claim for money damages, as opposed to potential incarceration.

32. Familiar with the term "burden of proof" from television or movies.

33. Aware that the burden of proof is lesser in a civil action than in a criminal action.

34. Have they, or a close friend or family member ever been involved in any litigation; either as a party or as a witness.

35. If so, was it a civil action or a criminal action.

36. Describe the details of that persons involvement and the ultimate results.

37. In a civil action, how do they feel about an injured persons right to bring a lawsuit to recover money damages for injuries sustained.

38. Before they hear any evidence, do they have a preconceived limitations on the scope of potential damages that they might award under any circumstances.

39. Do they understand that the same type of injury might effect, or have an impact on, one person differently than another based upon differences in age, physical ability, lifestyle, etc.

40. Do they have an opinion regarding a spouse's right to money damages, in derivative claim, due to injuries to the other spouse.

41. Based upon watching television shows, movies, reading the newspapers and talking about trials which are in the public eye, would they say that they are more plaintiff or defense

oriented.

## C. SPECIFIC LITIGATION QUERIES

42. Do they travel away from home.

43. When they do, where do they stay.

44. Are they aware of the Marriott Hotel chains.

45. Are they aware of all of other Marriott hotel brand names, operated by the Marriott including: the Fairfield Inn, Courtyard, Residence Inn, Town Place, the Marriott, J.W. Marriott, Renaissance, Ritz Carleton, New World and Spring Hill Suites.

46. Have they ever stayed at any of those hotels.

47. If so, do they have a recollection of their stay there.

48. Do they recall the configuration of the bathroom as to the shower/tub configuration, the location of grab bars in the bathrooms, the height of the inside of the tub above the outside bathroom floor and/or the type and material used in the floor bath towel/rug.

49. Do they have an impression of their stay there.

50. Have they, or any family member, ever worked in a hotel.

51. If so, who, and describe the circumstances of that association and/or employment.

52. Are they aware of any incidents of guests falling in hotel bathrooms and getting injured.

53. If so, describe in detail those incidents.

54. Does the juror travel frequently.

55. If so, how frequently and where.

56. Is their travel for business, pleasure or both.

57. Have they traveled outside of the continental United States.

58. Do they travel alone, with family members or in groups.

59. What hotels do they recall staying in.

60. How would they describe their hotel experience.

61. The defendant here is the owner and operator of hotels worldwide, is there anything in their past experience which would make them look favorably, or unfavorably, on such a defendant based upon the nature of their business.

62. Are they familiar with different types of bathroom configuration that exist in different hotel rooms; such as a separate bathtub and show stall, a tub/shower combination unit, or other configurations.

63. Have they ever sustained an injury while a guest in a hotel.

64. As they sit here today, can they picture in their mind a hotel bathrooms and the location of any grab bars; the location of any hand holds in tub/shower combinations; the type, style and material used in the hotel's bath mat.

65. Have they ever been to, or stayed at, the Marriott Champs-Elyes in Paris, France.

66. Do they know any of the following people: Dominik or Susan DiFrisco, Dr. C.J. Abraham, P.E., Dr. James McWilliam, Antoinette and Arnold Zam, Karen Russo, David and Mary Jean Kerr, Amy Yohann, Dr. Edward Crane or Marriott employees: Andy Williams, Brad Wood, Johan Kammerbeek, Fabien Villateau or Francis Kassner.

**D.    DAMAGES**

67. Have they ever been injured in any type of accident.

68. If so, describe the circumstance of that accident and the nature of the injury sustained.

69. Did any such injury have a permanent effect on your life and ability to engage in certain activities.

70. Have any of the juror's family members or close personal friends been injured in an accident.

71. If so, describe the circumstances of the accident and the nature of the injuries received.

72. Were any lawsuits brought for the above mentioned accidents and injuries.

73. If so, were those lawsuits resolved to the parities satisfaction.

74. Have they ever know anyone who had sustained a ruptured quadricept muscle of the leg.

75. Would they agree that the same injury will effect different people different was due to age, degree of activity, lifestyle, etc.

76. Are they willing to award money damages for personal injuries to an individual.

77. Is there anything in their past, that hasn't been addressed above, that they think is important regarding this case that we should know about.

78. Is there anything that they can think of that would prevent them from serving on this jury, listening to all of the witnesses, and rendering a verdict which is fair and equitable to all of the parties.

79. Ask the juror to pick five words to describe themselves.

Dated: New York, New York
November 19, 2008

                                      Very truly yours,

                                      **STEPHEN B. TONER, ESQ. (SBT0229)**
                                      **RUSSO, KEANE & TONER, LLP**
                                      Attorneys for Plaintiff
                                      26 Broadway, 28th Floor
                                      New York, New York 10004
                                      (212) 482-0001
                                      Our File No.: 640.039

To: **Paul A. Fino, Jr. (PAF2435)**
**WHITE FLEISCHNER & FINO, LLP**
Attorneys for Defendant
140 Broadway - 36th Floor
New York, New York 10005
(212) 487-9700
File No.: 104-12742-D-PAF/DMS